GRIFFITH, TRUSTEE, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE.
CLEVELAND SHERATON CORPORATION, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE.

(Nos. 75-582 and 75-583—Decided December 31, 1975.)

*Messrs. Forrester & Kovanda, Mr. John E. Forrester* and *Mr. Ralph D. Kovanda*, for appellants.

*Mr. John T. Corrigan*, prosecuting attorney, *Mr. Timothy J. Armstrong* and *Mr. Thomas P. Cyrus*, for appellee.

*Per Curiam.* *Stanjim* was decided by this court on June 12, 1974, which was after taxpayers filed the complaint forms herein, but prior to dismissal of such complaints by the board of revision. *Stanjim*, at page 235, decided affirmatively that "full compliance with R. C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." *Stanjim* further recognized the authority of the Board of Tax Appeals to promulgate forms reflecting the data requirements of R. C. 5715.19 and 5715.13, and held, at page 236, as we do here, that subject forms represent "a lawful interpretation of the minimal, data requirements of R. C. 5715.19 and 5715.13."

Appellants urge, however, that past practice of the board of revision in accepting incomplete complaint forms,

upon opinion of the county prosecutor before this court's decision in *Stanjim*, are sufficient to except this case from application of *Stanjim*. *Stanjim* itself speaks to this question by acknowledging a similar past practice of the board of revision therein, but noting, at page 236, that "* * * the cautionary statements of the reverse side of BTA Form 1 should have alerted them to the hazards of relying upon such a dubious, albeit locally sanctioned, practice." Such cautionary statements are likewise found on the reverse side of the BTA forms filed herein.

Moreover, although appellants do not precisely raise a question concerning the prior narrative appraisals of their respective properties being in the hands of, or available to, the board of revision for years immediately prior to the tax year in question, a review of such appraisals reveals that they leave unanswered many of the questions called for in the BTA complaint forms, which information *Stanjim* recognized, at page 236, as "* * * intended, in the words of the Board of Tax Appeals, 'to give the board of revision an opportunity to investigate the truthfulness of said alleged facts prior to hearing.'"

The answer to appellants' argument as to deprivation of their constitutional right of taxation by uniform rule according to value is also answered by *Stanjim* which observed that by failure to comply with reasonable procedural prerequisites of the Board of Tax Appeals "* * * appellants have foregone the available opportunity to have their claims heard on the merits."

For the foregoing reasons, the decisions of the Board of Tax Appeals in case Nos. 75-582 and 75-583 are reasonable and lawful and, therefore, are affirmed.

*Decisions affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.