M. MESSNER & SONS MACHINE CO., INC., APPELLANT, *v.*
LINDLEY, COMMR., APPELLEE.

(No. C-76894—Decided March 8, 1978.)

*Messrs. Wesselmann & Eyrich,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal; the abstract of the docket from the Board of Tax Appeals of Ohio; the original papers; the transcript of the proceedings before the Board of Tax Appeals; and the assignment of error. It was submitted upon the briefs without oral argument.

The appeal is from an order of the Board of Tax Appeals dismissing upon motion an appeal from a decision of the Tax Commissioner denying a claim for a corporate franchise tax refund.

The operative facts are simple and can be given succinctly. The Commissioner denied the claim of M. Messner & Sons Machine Co. for the corporate franchise tax refund on August 19, 1976, and the company filed a timely notice of appeal to the Board. A copy of that notice was sent both to the Board and the Commissioner. While the copy sent to the Board was complete, that sent to the Commissioner was lacking that part denominated page 2 containing instead duplicates of page 3. The errors required to be specified by R. C. 5717.02 were set forth on page 2 of the notice of appeal.

The Commissioner received his copy of the notice on September 7, 1976, and on October 15, 1976, filed his motion to dismiss the appeal on the ground that the company had failed to specify any error as required by law.

The Board held a hearing on that motion on October 28, 1976, which eventuated in the order granting the motion to dismiss the appeal for want of jurisdiction.

The singular assignment of error asserts that the Board erred in granting the motion to dismiss because despite the incompleteness of the copy of the notice of appeal received by the Commissioner the appellant had complied substantially with R. C. 5717.02 when given liberal construction.

It is manifest from the written decision and entry of the Board that it, as had the Commissioner, relied heavily upon the construction given the code section[1] which pre-

---

[1] G. C. 5611.

ceded R. C. 5717.02, set forth in the second paragraph of the syllabus in the *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, to the effect that unless a taxpayer specifies error in its notice of appeal both to the Board of Tax Appeals and the Tax Commissioner, the Board is without jurisdiction to hear the appeal.

The Supreme Court took the same approach in deciding *Queen City Valves, Inc.* v. *Peck* (1954), 161 Ohio St. 579, although we find it to be significant that at pages 583-584 of the opinion it is observed: "this court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds * * *."[2]

In deciding *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185, the court was required to determine what construction should be given R. C. 4141.28(G), a statute requiring that application for reconsideration of a determination of unemployment compensation benefits be made within 10 days.

The Supreme Court opted to give the statute a liberal interpretation and, accordingly, the first paragraph of the syllabus in *Van Meter, supra*, states:

"Statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. (Section 1.11, Revised Code, applied.)"

Here, it is plain that the protesting taxpayer was not guilty of a total failure to specify the error or errors complained of in bringing its appeal. Those errors were specified to the primarily important body, *i. e.*, the Board which would rule upon the merits of the appeal, and only by inadvertance or improvidence was the same matter not originally communicated to the officer from whose order the appeal derived. There is not even a suggestion in the record that such omission occasioned prejudice to either the Board or the Commissioner.

---

[2]See *Abex Corp.* v. *Kosydar* (1973), 35 Ohio St. 2d 13, in which the Supreme Court quoted this language with approval.

This case, then, is different in its factual posture from *Fineberg* v. *Kosydar* (1975), 44 Ohio St. 2d 1, and *Clippard Instrument* v. *Lindley* (1977), 50 Ohio St. 2d 121, in both of which the Court cited *American Restaurant & Lunch Co.* v. *Glander, supra*, in concluding that the Board of Tax Appeals was without jurisdiction to hear an appeal. The taxpayers in *Fineberg* and *Clippard* failed to file any notice of appeal with the Tax Commissioner and, consequently, the Court adhered to its earlier ruling that absent compliance with the specific and mandatory provisions of R. C . 5717.02 jurisdiction is not conferred on the Board.

Resultantly, we believe that to deny the taxpayer its right of appeal in the case *sub judice* is to do so on hypertechnical or captious grounds and elevates form over substance. Such a result is, to us, contrary to the spirit of R. C. 1.11[a] and the interpretation of it in *Van Meter, supra*.

We hold that the taxpayer complied with R. C. 5717.02 when liberally construed and that the Board erred in its conclusion that the failure of the taxpayer to include within the notice to the Commissioner in the first instance a duplicate of the specification of errors set forth in its written notice of appeal to the Board deprived the Board of jurisdiction to hear the appeal.

The assignment of error being well taken the order of the Board of Tax Appeals of Ohio is reversed and this cause is remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHANNON, P. J., CASTLE and BETTMAN, JJ., concur.

---

[a]R. C. 1.11 provides in pertinent part that "Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"