TREBMAL CONSTRUCTION, INC.,
APPELLEE, *v.* CUYAHOGA COUNTY
BOARD OF REVISION ET AL.,
APPELLEES; CLEVELAND BOARD OF
EDUCATION, APPELLANT.

(Nos. 50110 to 50114—Decided February 10, 1986.)

*Thomas L. Dettelbach,* for appellee Trebmal Construction, Inc.

*John T. Corrigan,* prosecuting attorney, for appellees Cuyahoga County Board of Revision and Auditor.

*Michael L. Gordon, William Mitchell* and *Timothy J. Armstrong,* for appellant.

MARKUS, P.J. As an affected taxing authority, the school board moved the county board of revision to dismiss the taxpayer's complaint about real property assessments. The school board argued that the complaint was jurisdictionally defective because (a) it did not show that a notary verified the tax-

payer's agent's signature, and (b) it related to multiple parcels which were not "in actual physical contact with each other and with identical ownership."

## I

On January 18, 1980, the corporate taxpayer filed its complaint for the 1979 tax year with the county board of revision. The taxpayer's complaint asserted that it was the "Land Lessee, Owner of improvements & taxpayer" for four allegedly overvalued parcels. The taxpayer's attorney had signed the complaint as the taxpayer's agent, and attached a notarized letter from the taxpayer's president authorizing him to do so. However, no notarial verification appeared below the taxpayer's attorney's signature on the line provided for that purpose in the complaint form.

Fourteen months later, the school board's counsel wrote the board of revision, requesting it to dismiss the taxpayer's complaint for lack of jurisdiction. Apparently anticipating an argument about the missing verification, the taxpayer's attorney had filed an affidavit from a notary two days earlier. In that affidavit, the notary said that the taxpayer's attorney had in fact signed the original complaint in her presence and under oath. She explained that she neglected to affix her own signature and seal in the course of notarizing the lawyer's signature on multiple unrelated tax complaints.

Three weeks later, the board of revision dismissed the taxpayer's complaint that those four parcels were overvalued, "for lack of jurisdiction." On the same date, the board confirmed its jurisdiction over the merits of the school board's complaint that three of the same parcels were undervalued.

The taxpayer appealed the dismissal of its complaint to the Board of Tax Appeals. It argued that the missing notarial notation did not preclude the complaint's consideration and that the complaint properly addressed the assessment for those four parcels. To avoid any dispute whether a single appeal could challenge the order about four parcels, the taxpayer filed four separate appeals. See Ohio Adm. Code 5717-1-09(B)(3). The tax board promptly consolidated the four appeals for hearing and disposition.

In the course of that consolidated appeal, the parties stipulated about the parcels' relative locations, their title history, and the taxpayer's interest in them. The parties also agreed that the board could accept the notary's affidavit as her testimony. R.C. 5717.01 authorized the board to consider that additional evidence.

The parties' stipulations established that three of the parcels are in physical contact and form a single uninterrupted plot. The fourth parcel lies immediately opposite that plot but separated from it by an alley. None of the parcels bordering that alley includes any part of the alley area within its legal description.

For the 1979 tax year, the taxpayer held a ninety-nine year renewable ground lease with thirty years still remaining, for one of the parcels. It held a ninety-year ground lease with twenty-six years still remaining, for the other three parcels. Two different owners held the fee simple title for the land subject to those leases. Both leases require this taxpayer to pay the real property taxes for the leased land.

The tax board rejected the school board's arguments and decided that the board of revision should consider the taxpayer's complaint on its merits. The school board then filed separate appeals to this court for each parcel. Thereafter, on the school board's motion, this court consolidated those four appeals.

## II

The school board's first assignment of error asserts that the missing notarial notation rendered the complaint juris-

dictionally defective. R.C. 5715.13 creates and restricts the revision board's authority to act on complaints about real property assessments:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."

R.C. 5715.19 further describes the circumstances in which a taxpayer can complain about assessed valuations. A taxpayer's failure to comply with R.C. 5715.13 and 5715.19 may deprive the revision board of power to act on the taxpayer's complaint. *Stanjim Co.* v. *Bd. of Revision* (1974), 38 Ohio St. 2d 233, 235, 67 O.O. 2d 296, 298, 313 N.E. 2d 14, 16; *Griffith* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 225, 227, 73 O.O. 2d 516, 517-518, 339 N.E. 2d 817, 819.

The Tax Commissioner has authority to promulgate rules and forms which implement the statutory requirements. R.C. 5715.29, 5715.30. The complaint form used by this taxpayer (D.T.E. Form No. 1) represents the commissioner's lawful interpretation of the minimal data requirements in R.C. 5715.13 and 5715.19. Cf. *Stanjim, supra,* at 236, 67 O.O. 2d at 298-299, 313 N.E. 2d at 16-17 (same principle applied to comparable form issued by the Board of Tax Appeals pursuant to previous statutory authority). Consequently, the taxpayer's failure to provide the information requested on that form deprives the board of revision of jurisdiction to consider the taxpayer's complaint. Cf. *Stanjim, supra; Griffith, supra.*

However, the Tax Commissioner cannot change or increase the statutory jurisdictional requirements for such complaints. As R.C. 5715.29 directs, "[t]he tax commissioner shall prescribe [rules, orders, and instructions] not inconsistent with law * * *." Cf. *Nucorp,*

*Inc.* v. *Bd. of Revision* (1980), 64 Ohio St. 2d 20, 18 O.O. 3d 191, 412 N.E. 2d 947 (taxpayer's failure to comply with complaint form instruction to file supplementary data within forty-five days is not jurisdictionally fatal). A procedural requirement should not be jurisdictional unless the legislature intended it as an essential element in a statutorily mandated scheme for pursuing substantive rights. *Id.* at 22, 18 O.O. 3d at 192, 412 N.E. 2d at 948.

The school board argues that R.C. 5715.13 requires the taxpayer's application or complaint for reassessment to be "verified by oath." However, we must determine whether the legislature intended that requirement to be procedural or jurisdictional. Cf. *Akron Standard Div.* v. *Lindley* (1984), 11 Ohio St. 3d 10, 11 OBR 9, 462 N.E.2d 419, syllabus (verification requirement in R.C. 5739.13 for sales and use tax reassessment petitions is non-jurisdictional). If it is simply procedural, the board can require the taxpayer to comply before proceeding to evaluate the complaint's merits. If it is jurisdictional, the board must dismiss a complaint which omits that verification.

We see no valid distinction between the rationale for verifying a complaint about real property assessments and a complaint about sales or use tax assessments. Hence, we apply the *Akron Standard Div.* rule in construing R.C. 5715.13. That rule conforms with numerous decisions that the omission of a required verification for pleadings does not deprive the court of jurisdiction over the case. *E.g., Hunt* v. *Rohrbaugh Enterprises, Inc.* (1960), 171 Ohio St. 92, 12 O.O.2d 122, 168 N.E. 2d 299; *In re Royal Circle of Friends Bldg. Corp.* (C.A. 7, 1947), 159 F. 2d 539; *Yajima* v. *United States* (S.D.N.Y. 1946), 6 F.R.D. 260; *Tracy* v. *Robbins* (D.S.C. 1966), 40 F.R.D. 108.

This taxpayer supplied all requested information necessary to evaluate its

complaint, so the omitted verification would not impede the board's investigation of its merits. Cf. *Ratner* v. *Cuyahoga Cty. Bd. of Revision* (Nov. 15, 1984), Cuyahoga App. Nos. 47991-47993, unreported. It provided substantial compliance with R.C. 5715.13 and the administrative forms implementing that statute. Its complaint satisfied jurisdictional requirements, despite the missing verification. Cf. *Strongsville Professional Bldg.* v. *Cuyahoga Cty. Bd. of Revision* (May 6, 1982), Cuyahoga App. No. 43920, unreported (board of revision had jurisdiction over taxpayer's complaint, despite taxpayer's failure to attach the required agency authorization form). Therefore, we overrule the school board's first assigned error.

### III

The school board's second assignment contends that the taxpayer's single complaint could not challenge assessments for these properties because they are not "in physical contact." This assigned error relies upon instruction language provided by the Tax Commissioner on the back of D.T.E. Form No. 1:

"MULTIPLE TAX PARCELS: Only parcels in actual physical contact with each other and with identical ownership and located in the same taxing district may be included in one complaint. * * * The amounts to be reported in Item[s] 7 and 8 [complainant's valuation, current valuation, and increase or decrease asked] should be the aggregate figures for all the parcels included in the complaint."

This court has previously enforced that instruction as a lawfully established procedure which imposes a jurisdictional requirement for multiple complaints in some situations. Thus, a taxpayer cannot use a single complaint to challenge assessments for properties in different taxing districts. *Bd. of Revision of Cuyahoga Cty.* v. *Baker Material Han-*

*dling Corp.* (Mar. 5, 1981), Cuyahoga App. No. 42528, unreported. The board of revision must separately assess parcels in different tax districts, so that the treasurer can allocate any resulting tax collections. Consequently, the requirement for separate complaints about parcels in different tax districts facilitates that essential governmental purpose.

By contrast, the school board suggests no significant governmental purpose for always limiting complaints to single parcels in the same taxing district. If the parcels are economically unrelated, administrative convenience favors their separate valuation. If they are economically interrelated, the contrary is true.

Indeed, the Tax Commissioner has expressly approved the use of single complaints when the parcels are "in physical contact with each other and with identical ownership." In that situation, the Tax Commissioner assists both the taxpayer and the board by permitting them to value the composite worth of such integral units. If multiple parcels form a single economic unit, an attempt to assess each parcel separately could produce highly artificial results.

With that rationale in mind, the language in the Tax Commissioner's instruction on D.T.E. Form No. 1 has greater clarity. The taxpayer can properly dispute the assessment for an economic unit composed of "parcels in actual physical contact." An intervening alley does not disrupt that "actual physical contact" if the parcels still form a single economic unit. In this case, the taxpayer's complaint states that "the principal use of [the] subject property" is as a "[h]otel and garage." The parcel across the alley apparently contains part of the garage. It represents approximately three percent of the total property described in the complaint. The taxpayer's interest in that parcel derives

from a long-term lease covering part of the property on both sides of the alley.

Thus, we agree with the tax board that the small parcel is "in actual physical contact" with the larger plot on the other side of the alley. The tax board reasoned that the phrase "in actual physical contact" describes "contiguous" properties, as defined by Black's Law Dictionary (4 Rev. Ed. 1968) 391:

"In close proximity; *near, though not in contact*; neighboring; adjoining; near in succession; or actual close contact; touching; bounded or traversed by. The term is not synonymous with 'vicinal.' * * *" (Emphasis added.)

In view of the apparent purpose for allowing composite complaints about multiple parcels, the tax board's interpretation seems entirely reasonable. See, also, *Teeters Packing Co.* v. *Tracy* (Dec. 4, 1985), B.T.A. Nos. 82-B-1358 & 82-C-1359, unreported.

We also note that a municipality holds a determinable fee for land used as streets and alleys. *Callen* v. *Columbus Edison Elec. Light Co.* (1902), 66 Ohio St. 166, 173, 74 N.E. 141, 143-144. The municipality's interest extends above and below the street only as far as it needs those areas for municipal purposes. The adjacent landowners retain the reversionary interest in that land when the city abandons its use. R.C. 723.08. Thus, the intervening alley does not disrupt the continuity of proprietary interests on opposite sides.

For all these reasons, we reject the school board's second assignment of error.

IV

The school board's third claimed error argues that the four parcels did not have "identical ownership," so the taxpayer's single complaint was jurisdictionally improper. Here again, the school board relies on the instruction language quoted above from D.T.E. Form No. 1.

We again note that the reason for valuing multiple parcels together is the administrative convenience which results when such parcels form a single economic unit. That convenience exists when the same taxpayer owes the entire resulting tax. As stated earlier, no administrative convenience results from valuing multiple parcels together, if the board must later subdivide the assessment between multiple tax districts. Likewise, no administrative convenience results from valuing multiple parcels together, if the board must later subdivide the resulting assessment between multiple taxpayers.

The real question here is whether this complainant has standing to challenge the assessment for any of these parcels, since it has the same standing for all four parcels. Its legal interest and its responsibility for taxes are essentially the same for each parcel. In each case, the taxpayer holds a long-term ground lease which requires it to pay the real estate taxes applicable to that parcel.

The code clearly allows complaints by non-owners. R.C. 5715.13 allows "the party affected" by the assessment to challenge it. R.C. 5715.19(A) provides that "[a]ny [taxpayer] * * * may file such a complaint." When the complaint asserts a sufficiently different valuation, the board must notify "each property owner * * *, if the complaint was not filed by such [property] owner." R.C. 5715.19(B). The board must notify both the complainant and the property owner of the hearing date, if they are not the same. R.C. 5715.19(C).

D.T.E. Form No. 1 also provides for complaints by non-owners. It requires the complainant to identify both the owner and the complainant if they are not the same. This taxpayer listed the owners of the fee simple titles for the parcels, as well as its own name. The form asks for the "[r]elationship of complainant to [the] real property if other

than the owner." The complainant here identified itself as "Land Lessee, Owner of improvements & taxpayer."

In the full context of the form and the code, this complainant had standing to challenge the assessment for each of these four parcels. As the tax board noted, this complainant "is the true party in interest." The complainant had the same right to dispute each of those assessments separately. Hence, the tax board reasonably concluded that the parcels had "identical ownership" for the purpose of joint valuation in a single complaint. Cf. *Caldwell* v. *State* (1926), 115 Ohio St. 458, 461-462, 154 N.E. 792, 793; *Deutsch* v. *Frey* (1930), 36 Ohio App. 226, 232, 173 N.E. 40, 42-43.

We overrule the school board's third assignment, affirm the tax board's decision, and remand the case to the board of revision for further proceedings.

*Judgment affirmed*
*and cause remanded.*

NAHRA and CORRIGAN, JJ., concur.