**SORG PAPER COMPANY, Appellant,**

v.

**LIMBACH, Tax Commr., Appellee.**

[Cite as *Sorg Paper Co. v. Limbach* (1993), 87 Ohio App.3d 27.]

Court of Appeals of Ohio,
Butler County.

No. CA92–07–131.

Decided April 5, 1993.

*Bricker & Eckler* and *Mark A. Engel,* for appellant.

28

*Lee I. Fisher*, Attorney General, and *Barton A. Hubbard*, Assistant Attorney General, Taxation Section, for appellee.

WILLIAM W. YOUNG, Judge.

In April 1987, appellant, Sorg Paper Company ("Sorg"), filed amended returns for its 1985 and 1986 personal property tax returns. In submitting its application for a refund, Sorg argued that it had used the historical book value for determining the value of its personal property during the 1985 and 1986 tax years instead of the new book value. Thus, the request for a refund was based solely upon computing the alleged true value of its machinery and equipment using the new book value rather than the historical book value.

Upon an audit of Sorg's 1985 and 1986 personal property tax returns, an agent for appellee, Joanne Limbach, Tax Commissioner of Ohio ("Tax Commissioner"), made certain corrections and adjustments which resulted in an increased tax liability for the 1985 tax year. Accordingly, on June 3, 1987, the Tax Commissioner issued separate amended assessments for the 1985 and 1986 tax years, reflecting the corrections, adjustments, and increased tax liability.

By letter dated June 24, 1987, Sorg informed the Tax Commissioner that it requested a "review and redetermination" of the tax audit. In a subsequent letter dated August 31, 1987, Sorg explained to the Tax Commissioner that it sought a review of the audit because of the Tax Commissioner's alleged error in determining the taxable value of Sorg's personal property. Before receiving the letter, however, the Tax Commissioner issued an order dismissing Sorg's request for a review and redetermination. The Tax Commissioner held that Sorg's June 24, 1987 application[1] failed to properly invoke the Tax Commissioner's jurisdiction to review and redetermine Sorg's property tax valuations for the 1985 and 1986 tax years. Specifically, the Tax Commissioner found that the application did not indicate Sorg's objections to the assessment as required by R.C. 5711.31.

Sorg appealed to the Board of Tax Appeals, claiming that the Tax Commissioner erred in determining that she was without jurisdiction to review Sorg's application for review and redetermination. The Board of Tax Appeals, however, affirmed the Tax Commissioner's ruling. From that decision, Sorg timely appealed to this court, asserting the following six assignments of error:

Assignment of Error No. 1:

"The Board of Tax Appeals determined that appellant failed to file an application for review and redetermination pursuant to R.C. § 5711.31."

---

1.  Sorg's June 24, 1987 letter and its application for review and redetermination are one and the same.

Assignment of Error No. 2:

"The Board of Tax Appeals determined that appellee has no jurisdiction to consider the application for review and determination filed on behalf of appellant."

Assignment of Error No. 3:

"The Board of Tax Appeals determined that appellant failed to allege any errors in the amended preliminary assessment certificates issued by appellee."

Assignment of Error No. 4:

"The Board of Tax Appeals failed to consider as evidence a letter from appellant's representative in which appellant further explained the errors raised in its application."

Assignment of Error No. 5:

"The decision of the Board of Tax Appeals is against the manifest weight of the evidence."

Assignment of Error No. 6:

"The decision of the Board of Tax Appeals denied to appellant equal protection of the laws and amounts to the taking of property without due process of law."

Sorg's six assignments of error assert the same legal and factual argument. Thus, they will be addressed together.

The sole issue before this court is whether the provision in R.C. 5711.31, requiring the taxpayer to indicate his objections in his application for review and redetermination, is jurisdictional. We hold that it is not, and, thus, reverse the decision of the Board of Tax Appeals.

When the Tax Commissioner has either assessed property at a higher value than that reported by a taxpayer, assessed property which has not been reported by a taxpayer, or denied a claim for a deduction from book value of personal property, R.C. 5711.31 provides that the taxpayer may seek administrative review of the assessment. R.C. 5711.31 provides in pertinent part:

"Within thirty days after the mailing of the notice of assessment prescribed in this section, the taxpayer may file with the tax commissioner, in person or by certified mail, an application for review and redetermination of the assessment so made. * * * The application shall have attached thereto and incorporated therein by reference a true copy of the notice of assessment complained of, but the failure to attach a copy of such notice and incorporate it by reference does not invalidate the application. The application shall also indicate the taxpayer's objections, but additional objections may be raised prior to the issuance of a certificate of determination on the application."

Within thirty days after receiving notice of the property assessment that was conducted by the Tax Commissioner, Sorg informed the Tax Commissioner that it was seeking a review of the assessment. A letter containing the following language was sent to the Tax Commissioner by Sorg's attorney:

"I have been retained by the Mosinee Paper Corporation concerning the outcome of the 1985–86 Personal Property Tax Audit of their Sorg Paper Company personal property.

"I would like to request a review and redetermination of the audit."

The Tax Commissioner submits that Sorg must meet all of the requirements found in R.C. 5711.31 in order to vest her with jurisdiction to review Sorg's application. The Tax Commissioner argues that since Sorg did not indicate its objections in its June 24, 1987 letter, she was without jurisdiction to consider Sorg's application. Sorg responds that the provision in R.C. 5711.31 which states that the application shall state the objections it has with the tax assessment is procedural in nature, not jurisdictional. Thus, Sorg contends that the Tax Commissioner should have ordered it to comply with the "objection" requirement instead of dismissing its application.

In *Akron Standard Div. v. Lindley* (1984), 11 Ohio St.3d 10, 11 OBR 9, 462 N.E.2d 419, the Ohio Supreme Court held that if an omitted requirement in a reassessment petition runs to the core of procedural efficiency, the appeal is to be dismissed because substantial compliance with the requirements of the applicable statute has not taken place. *Id.* at 12, 11 OBR at 10, 462 N.E.2d at 420. The court concluded that the lack of a verified signature in an otherwise satisfactory taxpayer reassessment petition does not prevent the attachment of jurisdiction, since substantial compliance has occurred. *Id.*

Thus, our analysis of the facts in the instant action is limited to whether Sorg's failure to state its objections in its June 24, 1987 letter ran to the core of procedural efficiency. If so, then the "objection" requirement in R.C. 5711.31 is essential and any omission would require dismissal of the taxpayer's application. It has been determined that a procedural requirement should be deemed jurisdictional only if the legislature intended it as an essential element in a statutorily mandated scheme for pursuing substantive rights. *Trebmal Constr., Inc. v. Cuyahoga Cty. Bd. of Revision* (1986), 29 Ohio App.3d 312, 29 OBR 411, 505 N.E.2d 290. See, also, *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision* (1980), 64 Ohio St.2d 20, 22, 18 O.O.3d 191, 192, 412 N.E.2d 947, 948.

Although R.C. 5711.31 provides that the application for review and redetermination shall indicate the taxpayer's objections, it further states that any additional objections may be raised after the application for review and redetermination has been filed. The additional objections, however, must be raised prior to the

issuance of a certificate of determination by the Tax Commissioner. Thus, the argument that the "objection" condition is an essential jurisdictional requirement because it provides the Tax Commissioner with both the scope of the requested review and notice of the substance of the taxpayer's complaint is negated by the legislature's decision to permit the taxpayer to raise additional objections. By permitting additional objections after the taxpayer's application has been filed, the legislature has denied the Tax Commissioner the benefit of having notice of *all* of the taxpayer's objections in each timely application for review and redetermination.

We therefore find that little or no prejudice can result from the taxpayer's failure to include his objections of the tax audit in his timely application. Consequently, we are of the opinion that the "objection" requirement does not run to the core of procedural efficiency, nor does it appear that the legislature intended the Tax Commissioner to dismiss a taxpayer's application if the "objection" requirement is not met in the taxpayer's timely application. Additionally, we believe that to deny Sorg its right of administrative review in the instant action "is to do so on hypertechnical or captious grounds and elevates form over substance." *M. Messner & Sons v. Lindley* (1978), 56 Ohio App.2d 33, 36, 10 O.O.3d 51, 52, 381 N.E.2d 351, 353.

We are of course not holding that a taxpayer need not specifically state his objections to the Tax Commissioner. We are instead holding that the taxpayer's failure to set forth his objections in a timely application should not be grounds for dismissal for lack of jurisdiction. If the taxpayer has raised his objections prior to the issuance of a certificate of determination by the Tax Commissioner, the taxpayer's application should be heard. Given that Sorg specifically set forth its objections to the tax audit in a letter to the Tax Commissioner dated August 31, 1987, we find that the Board of Tax Appeals erred in affirming the Tax Commissioner's decision to dismiss Sorg's application for review and redetermination.

Accordingly, the decision of the Board of Tax Appeals is reversed and the cause is remanded for a determination as to the merits of Sorg's application for review and redetermination.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and KOEHLER, J., concur.