COLONIAL STORAGE MANAGEMENT, Appellee,

v.

BOARD OF REVISION OF FRANKLIN COUNTY et al., Appellants.

[Cite as *Colonial Storage Mgt. v. Franklin Cty. Bd. of Revision* (1996), 112 Ohio App.3d 508.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APH02–218.

Decided July 11, 1996.

*Frost & Maddox, Mark Reynolds* and *Robert E. Frost; Flanagan/Bilton/Brannigan* and *Thomas E. Brannigan,* for appellee Colonial Storage Management.

*Teaford, Rich, Coffman & Wheeler, Karol Fox* and *Jeffrey A. Rich,* for appellant Columbus Board of Education.

*Michael Miller,* Franklin County Prosecuting Attorney, and *James R. Gorry,* Assistant Prosecuting Attorney, for appellants Board of Revision of Franklin County and Joseph W. Testa, Franklin County Auditor.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of the Franklin County Auditor, the Board of Revision of Franklin County ("BOR"), and the Board of Education of the City of Columbus School District, appellants, from the February 2, 1996 decision and order issued by the Ohio Board of Tax Appeals ("BTA"). Appellants set forth the following assignment of error:

"The decision of the Ohio Board of Tax Appeals (BTA) was unreasonable and unlawful. The BTA erred in holding that a property owner can commence a board of revision proceedings [*sic*] by filing a mere copy of a complaint, rather than the original complaint, when R.C. 5715.13 requires a complaint to be signed by the complainant, and the complaint form contains a perjury declaration that requires the signature of the complainant."

The facts involved in this case are undisputed. Appellee, Colonial Storage Management, initiated the instant action by filing a complaint with the BOR for the tax year 1993, pursuant to R.C. 5715.13 and 5715.19. Appellee challenged the county auditor's appraised value, for real property tax purposes, of two parcels of property belonging to appellee. The matter proceeded to hearing, after which the BOR dismissed appellee's complaint because the actual document filed with the board was a copy of a facsimile transmission and, as such, the BOR concluded that the complaint did not contain the "signature" of the complainant as required by both R.C. 5715.13 and the state BOR complaint form. The BOR held that the filing of a copy of a complaint does not vest the BOR with jurisdiction under R.C. 5715.13.

Appellee appealed to the BTA and the BTA reversed the BOR. The BTA held that a "copy" of a complaint can be filed with a board of revision and that the BOR's insistence on an original complaint was a "procedural formality." Thereafter, appellants jointly appealed the BTA's decision to this court.

R.C. 5715.13 provides for the filing of applications for a decrease in valuation of property as follows:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."

In *Trebmal Constr., Inc. v. Cuyahoga Cty. Bd. of Revision* (1986), 29 Ohio App.3d 312, 29 OBR 411, 505 N.E.2d 290, the Cuyahoga County Court of Appeals

considered a situation similar to the facts presented in this case. In *Trebmal Constr., Inc.*, the taxpayer's attorney had signed the complaint as the taxpayer's agent and attached a notarized letter from the taxpayer's president authorizing him to do so. However, there was no notarial verification appearing below the taxpayer's attorney's signature on the line provided for that purpose on the complaint form. The BOR dismissed the taxpayer's complaint on the basis that it lacked jurisdiction. That taxpayer appealed the dismissal to the BTA, arguing that the missing notarial notation did not preclude the complaint's consideration. The BTA held that the BOR should consider the taxpayer's complaint on its merits.

On appeal, the school board argued that the missing notarial notation rendered the complaint jurisdictionally defective. The court stated as follows:

"The school board argues that R.C. 5715.13 requires the taxpayer's application or complaint for reassessment to be "verified by oath." However, we must determine whether the legislature intended that requirement to be procedural or jurisdictional. Cf. *Akron Standard Div. v. Lindley* (1984), 11 Ohio St.3d 10, 11 OBR 9, 462 N.E.2d 419, syllabus (verification requirement in R.C. 5739.13 for sales and use tax reassessment petitions is nonjurisdictional). If it is simply procedural, the board can require the taxpayer to comply before proceeding to evaluate the complaint's merits. If it is jurisdictional, the board must dismiss a complaint which omits that verification.

"We see no valid distinction between the rationale for verifying a complaint about real property assessments and a complaint about sales or use tax assessments. Hence, we apply the *Akron Standard Div.* rule in considering R.C. 5715.13. That rule conforms with numerous decisions that the omission of a required verification for pleadings does not deprive the court of jurisdiction over the case. *E.g., Hunt v. Rohrbaugh Enterprises, Inc.* (1960), 171 Ohio St. 92, 12 O.O.2d 122, 168 N.E.2d 299; *In re Royal Circle of Friends Bldg. Corp.* (C.A. 7, 1947), 159 F.2d 539; *Yajima v. United States* (S.D.N.Y.1946), 6 F.R.D. 260; *Tracy v. Robbins* (D.S.C.1966), 40 F.R.D. 108.

"This taxpayer supplied all requested information necessary to evaluate its complaint, so the omitted verification would not impede the board's investigation of its merits. Cf. *Ratner v. Cuyahoga Cty. Bd. of Revision* (Nov. 15, 1984), Cuyahoga App. Nos. 47991–47993, unreported [1984 WL 3586]. It provided substantial compliance with R.C. 5715.13 and the administrative forms implementing that statute. Its complaint satisfied jurisdictional requirements, despite the missing verification. Cf. *Strongsville Professional Bldg. v. Cuyahoga Cty. Bd. of Revision* (May 6, 1982), Cuyahoga App. No. 43920, unreported [1982 WL 5356] (board of revision had jurisdiction over taxpayer's complaint, despite taxpayer's failure to attach the required agency authorization form). * * * " *Id.* at 314–315, 29 OBR at 414, 505 N.E.2d at 293.

This court agrees with the rationale set out by the Cuyahoga County Court of Appeals and finds that that rationale is applicable to the present situation. In the case before this court, Thomas E. Brannigan signed the complaint as an agent of appellee, the property owner. Brannigan signed the complaint in Chicago, Illinois and the complaint was duly notarized. Brannigan then faxed a copy of the complaint to Robert E. Frost, a local attorney, who made a xerox copy of the form and personally took it to the BOR in order to ensure that it was filed before 5:00 p.m. on the final day to file complaints pertaining to the tax year 1993. Appellee had supplied all the information necessary to evaluate its complaint and the fact that it was a copy of the actual complaint would not impede the board's investigation of its merits. Further, appellants would still have the opportunity to contest the validity of the signature or verification or any other alleged defect in the complaint at the hearing.

This court is in agreement with the Cuyahoga County Court of Appeals and holds that the requirement of R.C. 5715.13 that an application or complaint for reassessment of real property be "verified by oath" is procedural and not jurisdictional. Therefore, the BTA correctly ruled in favor of appellee.

Based on the foregoing, appellants' assignment of error is not well taken and is overruled, and the decision and order of the Ohio Board of Tax Appeals is hereby affirmed.

*Decision affirmed.*

BOWMAN and TYACK, JJ., concur.