[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 319.]

KALMBACH WAGNER SWINE RESEARCH FARM, APPELLEE, *v*. BOARD OF

REVISION OF WYANDOT COUNTY ET AL., APPELLANTS.

[Cite as *Kalmbach Wagner Swine Research Farm v. Wyandot Cty. Bd. of Revision*, 1998-Ohio-475.]

*Taxation—Real property valuation of swine breeding and production farm— Complaint as to valuation filed with board of revision—Income and expense statement showing total income and expenses during previous three years sought by board of revision—Complainant not required to provide additional information beyond filing of complaint—Board of revision may not dismiss complaint when complainant fails to provide supplemental information.*

(No. 97-1196—Submitted February 3, 1998—Decided April 1, 1998.)

APPEAL from the Board of Tax Appeals, No. 97-D-230.

———————————

{¶ 1} Kalmbach Wagner Swine Research Farm, appellee, filed a complaint with appellant Wyandot County Board of Revision ("BOR"), contesting the value of its swine breeding and production farm for the tax year 1995. In correspondence to Kalmbach, the BOR requested "an income and expense statement showing the total income and expenses of the parcel during each of the past three years." The complaint form seeks income and expense information only if the property is rental property. At the BOR hearing, however, the BOR's attorney requested "the actual income of the operations and expense statement from this property." Kalmbach refused to provide the information, claiming that it was irrelevant because the property was not under lease and because the income approach was not appropriate for the property. Kalmbach did present evidence on a cost approach to value the

property and some market data, which consisted of forced sales or sales of incomparable property.

{¶ 2} The BOR dismissed the complaint, citing as its reason Kalmbach's refusal to provide income and expense statements for the property. The BOR found:

"(4) The Board, therefore, believes that the income approach is extremely relevant and without the willingness of the taxpayer to provide key information, the Board is unable to carry out its statutory duty of finding value.

"(5) The Board, therefore, has no alternative but to dismiss the complaint on the assessment of real property in the above captioned matter for failure to provide relevant data the Board deems necessary for determining a fair and reasonable value."

{¶ 3} Kalmbach appealed this decision to the BTA. The BTA, before briefing on the merits, reversed the BOR's decision and remanded the case to the BOR to proceed with valuing the property. The BTA, ruling that the BOR has no statutory or common-law power to promulgate evidentiary requirements by administrative rule, found:

"[T]he BOR dismissed appellant's complaint as a sanction imposed for the avowed reason that the appellant failed to provide information and data it had no right to mandatorily require as a condition for rendering a final decision on the merits.

"The appellant complied with the statutory requirements for the filing of a complaint and perfecting the appeal to the county board of revision. Therefore, the BOR had the requisite jurisdiction of the parties and of the subject matter to render a decision. The BOR was required by law to make a determination and render a decision on the merits of appellant's complaint based upon the evidence of record before it, as prescribed by R.C. 5715.19(C). It refused to do so. The

BOR's action dismissing the complaint under the facts and circumstances and for the reason expressed was unreasonable and unlawful."

{¶ 4} This matter is now before this court upon an appeal as a matter of right.

_____

*Farthing & Harsha*, *John H. Farthing* and *Shelly R. Harsha*, for appellee.

*Teaford, Rich & Wheeler* and *James R. Gorry*, for appellants.

_____

**LUNDBERG STRATTON, J.**

{¶ 5} Appellants argue that, under *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 67 O.O.2d 296, 313 N.E.2d 14, the BOR can require a complainant to submit an income and expense statement if the complainant is an owner of income-producing property seeking a reduction in property value. Appellants further maintain that the BOR may dismiss the complaint if the complainant refuses to submit such data. Kalmbach replies that the BOR may not dismiss its complaint because Kalmbach has timely filed its complaint, appeared at all hearings, and provided evidence supporting its position. Kalmbach also contends that the instruction on the complaint form seeks income and expense statements only for rental property but that its property is not rental property.

{¶ 6} R.C. 5715.10 and 5715.11 set forth a board of revision's duties in valuing real property. According to R.C. 5715.10, a "board of revision shall be governed by the laws concerning the valuation of real property and shall make no change of any valuation except in accordance with such laws." Under R.C. 5715.11, a board of revision must hear real estate valuation complaints and "shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer."

**{¶ 7}** As to whether a board of revision may dismiss valuation complaints, in *Stanjim,* we affirmed dismissal of a valuation complaint because the complainant had not sufficiently completed the complaint form. We held that "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." 38 Ohio St.2d at 235, 67 O.O.2d at 298, 313 N.E.2d at 16. We noted that the BTA had the authority under R.C. 5715.29 and 5715.30 to prescribe and furnish complaint forms. We also concluded that the complaint form prescribed by the BTA was a lawful interpretation of the minimal data requirements of R.C. 5715.19 and 5715.13. The form, however, was not "the sum of all information that might rightfully be considered by a county board of revision at a hearing on an applicant's assessment complaint." *Id*. at 236, 67 O.O.2d at 298, 313 N.E.2d at 16. Accord *Griffith v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 225, 73 O.O. 2d 516, 339 N.E.2d 817.

**{¶ 8}** We tempered *Stanjim* in *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision* (1980), 64 Ohio St.2d 20, 18 O.O.3d 191, 412 N.E.2d 947. In *Nucorp*, the complaint form instructed a taxpayer to furnish, within forty-five days after the last day for filing complaints, certain additional information if the property was income-producing, commercial, or industrial. Nucorp, however, filed this information three weeks after the forty-five-day period had expired. The board of revision dismissed the complaint, but the BTA reversed the dismissal and remanded the case to the board.

**{¶ 9}** On appeal, we affirmed the BTA's decision. We held that failure to supply this supplemental information subsequent to the filing of the complaint was not jurisdictional. We stated:

"While this court has never encouraged or condoned disregard of procedural schemes logically attendant to their pursuit of a substantive legal right, it has also been unwilling to find or enforce jurisdictional barriers *not clearly statutorily or constitutionally mandated*, which tend to deprive a supplicant of a fair review of

his complaint on the merits." (Emphasis added.) *Id*. at 22, 18 O.O.3d at 192, 412 N.E.2d at 948.

{¶ 10} We first note that R.C. 5715.10 and 5715.11 do not specifically authorize boards of revision to dismiss complaints. These statutes authorize boards to hear valuation complaints and increase or decrease a property's valuation, correct an assessment, or order a reassessment. Thus, a board of revision, being a creature of statute, has these specified powers to act on complaints. *Swetland Co. v. Evatt* (1941), 139 Ohio St. 6, 21 O.O 511, 37 N.E.2d 601, paragraph five of the syllabus.

{¶ 11} We have, however, affirmed dismissals of complaints by boards of revision. In *Stanjim*, we affirmed dismissal because the complainant had not completed the form under R.C. 5715.13 and 5715.19 to invoke the board's jurisdiction. In *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E.2d 1143, we approved dismissal of the complaint under R.C. 5715.19, since Gammarino's complaint was his second filing in the same triennial period. In *LCL Income Properties v. Rhodes* (1995), 71 Ohio St.3d 652, 646 N.E.2d 1108, we affirmed dismissal of the complaint for failure to prosecute because neither the complainant nor its representative appeared at the board of revision hearing.

{¶ 12} In *Snavely v. Erie Cty. Bd. of Revision* (1997), 78 Ohio St.3d 500, 678 N.E.2d 1373, we again reviewed the propriety of a board of revision's dismissal of a complaint. In that case, Snavely did not appear personally at the board of revision hearing; his attorney represented him. Snavely's attorney offered an "owner's opinion of value," which contained financial data concerning the business that occupied the real property in question. The owner's opinion also contained value calculations based on profits Snavely had received from the business being operated on the property. Snavely offered no other witness or evidence. The board dismissed the complaint without explanation.

{¶ 13} In *Snavely*, we first noted that a county board of revision is a quasi-judicial body that may value the property in the amount assessed by the county

auditor if the complainant does not attend the hearing, citing *Swetland Co.*, paragraph nine of the syllabus. We explained that the dismissal in *LCL Income Properties* was a sanction for failure to prosecute a complaint. We observed that although such a dismissal is, as a practical matter, an approval of the auditor's value, a dismissal "does not require the board of revision to consider revaluation of the property." *Id*. at 502, 678 N.E.2d at 1375.

{¶ 14} In contrast, we regarded the dismissal in *Snavely* as a dismissal for failure of proof. In affirming the BTA's reversal of the dismissal, we pointed out that the complainant seeking a decrease in value bears the burden of proof before the board of revision. "How a party seeking a change in valuation attempts to meet its burden of proof before a board of revision is a matter for that party's judgment. However, if the evidence provided to a board of revision by a party seeking a change in valuation is determined to be unpersuasive and/or inadmissible, then that party will probably fail to meet its burden of proof. Failure to meet the burden of proof will justify a board of revision in fixing the valuation at the amount assessed by the county auditor. But failure of the burden of proof before a board of revision does not justify dismissal." *Id.* at 503, 678 N.E.2d at 1376. In conclusion, we stated that we have permitted dismissals in very limited circumstances, exemplified by *Stanjim*, *Gammarino*, and *LCL Income Properties*. *Id.*

{¶ 15} Thus, under *Stanjim*, a complainant must sufficiently complete the complaint form to invoke the jurisdiction of the board of revision. Under *Nucorp*, a failure to file documents subsequent to the complaint does not divest a board of revision of jurisdiction unless a statute or the Constitution clearly mandates the filing. Accordingly, we must find a statute or constitutional provision that requires this income data to be submitted before we will affirm the dismissal of complaint by a board of revision.

{¶ 16} Appellants cite R.C. 5715.28, 5715.29, and 5715.30 as statutes that require the filing of this information. R.C. 5715.28 authorizes the Tax

Commissioner to issue binding instructions to tax officials on interpreting tax statutes affecting the assessments, levy, or collection of real property taxes. R.C. 5715.29 authorizes the commissioner to design and distribute the complaint form. R.C. 5715.30 requires the officers charged with assessing property for taxation to use the prescribed forms. These statutes, however, do not clearly require a complainant to provide supplemental information after filing the initial complaint form.

{¶ 17} R.C. 5715.29 and 5715.30 applied in *Stanjim* because, at that time, they placed a duty on the BTA to provide complaint forms, and required the BTA to cause the forms to be observed and used.[1] In *Stanjim*, we concluded that the BTA had sought minimal data requirements in the complaint form to satisfy R.C. 5715.13 and 5715.19. The taxpayers' failure to complete the approved forms sufficiently in *Stanjim* derailed the taxpayers' effort to invoke the jurisdiction of the board of revision. But R.C. 5715.28, 5715.29, and 5715.30 do not authorize boards of revision to require more information than the minimal jurisdictional requirements of R.C. 5715.13 and 5715.19. See *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision* (1997), 80 Ohio St. 3d 591, 687 N.E.2d 723.

{¶ 18} In a series of decisions, the Court of Appeals for Franklin County has rejected appellants' position. In *Friendly's v. Franklin Cty. Bd. of Revision* (Sept. 20, 1994), Franklin App. Nos. 94APH03-347 through 94APH03-349, unreported, 1994 WL 521217, the court reversed a dismissal where the complainant refused to comply with the board's order that it perform and submit a narrative appraisal. In *Thrifty Findlay, Inc. v. Franklin Cty. Bd. of Revision* (Feb. 11, 1997), Franklin App. Nos. 96APH05-717 and 96APH05-718, unreported, 1997 WL 65715, the court reversed dismissals of complaints where complainants refused to submit income information. The court mentioned the argument now made by the

---

1. The statutes have since been amended to place that duty upon the Tax Commissioner.

instant appellants that R.C. 5715.28, 5715.29, and 5715.30 require a complainant to submit this information. In rejecting the argument, the court stated:

"Although the BOR had the authority to request the information, it does not necessarily follow that a complaint should be dismissed for noncompliance. If the taxpayer fails to meet its burden of proof that the auditor's valuation is incorrect, then the BOR may properly affirm the auditor's valuation." *Id*. at 6-7.

{¶ 19} Finally, in *Beatley v. Franklin Cty. Bd. of Revision* (Feb. 27, 1997), Franklin App. No. 96APH06-805 through 96APH06-808, unreported, 1997 WL 84657, the court reversed a dismissal where the complainant refused to provide separate financial statements for each of the properties at issue for the three years preceding the tax lien date. The court agreed with the following statement of the BTA:

"There is no statutory requirement or case authority to support the proposition that a property owner's income and expense data must be specifically provided to the BOR as [a] condition for establishing or maintaining the BOR's subject matter jurisdiction." *Id*. at 5-6.

{¶ 20} We agree with these cases that no statute or constitutional provision requires a complainant to provide additional information beyond the filing of the complaint. We hold that a board of revision may not dismiss a complaint because a complainant fails to provide supplemental information; the board is to find value based on the evidence presented. The board, moreover, may affirm the auditor's value if the complainant does not sustain its burden of proof. *Snavely*.

{¶ 21} We recognize appellants' underlying concern—to force complainants to disclose pertinent information. The BOR may seek the information through discovery in an appeal to the BTA (Ohio Adm.Code 5717-1-10) or the court of common pleas (Civ. R. 26). The BTA or the court can judge the relevance of the information and can enforce discovery orders.

**{¶ 22}** Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————