The STATE ex rel. FIRSTENERGY CORPORATION et al.

v.

LAKE COUNTY BOARD OF REVISION et al.

[Cite as *State ex rel. FirstEnergy Corp. v. Lake Cty. Bd. of Revision* (2000), 137 Ohio App.3d 550.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–159.

Decided April 3, 2000.

*Squire, Sanders & Dempsey, L.L.P.*, and *Thomas G. Kovach*, for relators.

*Charles E. Coulson*, Lake County Prosecuting Attorney, *Michael P. Brown* and *James R. Dugan*, Assistant Prosecuting Attorneys, for respondents.

*Per Curiam.*

The instant action in prohibition is presently before this court for consideration of respondents' motion to dismiss, filed on November 9, 1999. As the primary basis for their motion, respondents, the Lake County Board of Revision and its current chairman, Edward H. Zupancic, contend that the petition of relators, FirstEnergy Corporation and the Cleveland Electric Illuminating Company, does not contain sufficient allegations to establish that respondents have acted beyond the scope of their power in the underlying proceeding. For the following reasons, we hold that the motion to dismiss has merit.

Relators are two interconnected corporations engaged in the business of providing energy and related services to various types of customers. As part of their corporate holdings, relators own certain tracts of real estate located in Lake County, Ohio. Two of these tracts contain power plants that provide electricity to Lake County residents.

After receiving the 1994 tax assessments on their Lake County properties, relators filed separate complaints with respondents concerning each assessment on each tract of property. Initially, respondents dismissed these complaints on jurisdictional grounds. However, the Supreme Court of Ohio subsequently reversed the dismissals on the basis that the complaints had been sufficient to satisfy the procedural requirements of R.C. 5715.13. See *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision* (1998), 80 Ohio St.3d 591, 687 N.E.2d 723.

Once relators' complaints had been reinstated, respondents issued a subpoena *duces tecum.* This subpoena ordered relators' representatives to appear before respondents and produce certain corporate documents.

In response to the subpoena, relators initially filed an objection with respondents, claiming that respondents had no authority to issue the subpoena. Nevertheless, in an attempt to resolve the impasse in the case, relators then produced a number of corporate documents. Upon reviewing this submission, respondents concluded that relators had not produced all relevant documents presently in their possession. Thus, respondents scheduled an oral hearing on the question of relators' alleged failure to comply with the subpoena.

Upon receiving notice of the hearing, relators brought the instant action, seeking an order prohibiting respondents from attempting to enforce the subpoena. As the legal basis for its prohibition claim, relators asserted in their petition that respondents do not have any constitutional or statutory authority to require them to submit any document besides their complaints.

In now moving to dismiss relators' claim, respondents assert that relators are not entitled to a writ of prohibition because they have not acted beyond the scope of their authority as a board of revision. Specifically, they maintain that their actions have been proper because they have not taken any step to penalize relators for failing to give the requested information. In response, relators argue that, by merely issuing the subpoena *duces tecum,* respondents exceeded their authority.

■■ As a general proposition, a writ of prohibition will be issued to stop a judicial body from going forward in an action only when it is shown that (1) the body is preparing to exercise judicial authority, (2) the proposed assertion of authority is not sanctioned under the law, and (3) the failure to grant the writ will cause an injury for which there is no adequate legal remedy. *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236, 238–239. In relation to the second of the foregoing elements, it has been consistently held the lack of jurisdiction must be patent and unambiguous before the judicial body will be enjoined. *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 74, 701 N.E.2d 1002, 1006. Thus, relators' claim in the instant case can be dismissed

only if the nature of their allegations is such that there are no set of facts under which respondents would have the power to request the information in question.

■ Upon reviewing the legal authority cited by both parties, this court concludes that the relevant case law supports respondents' argument in regard to the second element of relators' claim. That is, we conclude that the specific case cited by relators supports the holding that respondents have not exceeded their authority in merely requesting the submission of additional information.

In *Kalmbach Wagner Swine Research Farm v. Wyandot Cty. Bd. of Revision* (1998), 81 Ohio St.3d 319, 691 N.E.2d 270, the property owner filed a complaint on which it contested the value assigned to its farm for the 1995 tax year. Prior to the scheduled hearing in the matter, the board of revision sent a correspondence to the property owner requesting income and expense statements for the farm covering the last three years. The board then renewed the request at the hearing, but the property owner refused to provide the statements on the grounds of relevancy. As a result, the board dismissed the complaint on the basis that the property owner had failed to provide the information necessary for a proper decision to be made.

In holding that the dismissal of the complaint had not been warranted, the Supreme Court of Ohio began its analysis by noting that, under the relevant statutory provisions, the Ohio Tax Commissioner had the authority to delineate the information the property owner must provide in filing a complaint with a board of revision. The court further stated that a board of revision did not have the ability to predicate its jurisdiction over the complaint upon the filing of additional information, *i.e.*, once the property owner had complied with the requirements delineated by the Tax Commissioner, the board had subject-matter jurisdiction over the case and had to address the merits of the complaint.

In conjunction with its statutory analysis, the *Kalmbach* court also referred to three decisions of the Tenth Appellate District on the general issue of the authority of a board of revision to request additional information from a property owner. Specifically, the *Kalmbach* court cited with approval the following quote from *Thrifty Findlay, Inc. v. Franklin Cty. Bd. of Revision* (Feb. 11, 1997), Franklin App. Nos. 96APH05–717 and 96APH05–718, unreported, at 6–7, 1997 WL 65715:

" 'Although the BOR had the authority to request the [new] information, it does not necessarily follow that a complaint should be dismissed for noncompliance. If the taxpayer fails to meet its burden of proof that the auditor's valuation is incorrect, then the BOR may properly affirm the auditor's valuation.' " *Kalmbach*, 81 Ohio St.3d at 324, 691 N.E.2d at 274.

Upon completing its review of the Tenth District cases, the *Kalmbach* court gave the following summary:

"We agree with these cases that no statute or constitutional provision requires a complainant to provide additional information beyond the filing of the complaint. We hold that a board of revision may not dismiss a complaint because a complainant fails to provide supplemental information; the board is to find value based on the evidence presented. The board, moreover, may affirm the auditor's value if the complainant does not sustain its burden of proof.

"We recognize [the board's] underlying concern—to force complainants to disclose pertinent information. The BOR may seek the information through discovery in an appeal to the BTA or the court of common pleas. The BTA or the court can judge the relevancy of the information and can enforce discovery orders." (Citations omitted.) *Id.*, 81 Ohio St.3d at 324, 691 N.E.2d at 274.

■ Although the primary issue in *Kalmbach* concerned whether a board of revision can condition its consideration of a complaint upon the filing of additional information, the foregoing quotes readily indicate the type of procedure that should be followed in a hearing on the merits of the complaint. First, it is evident that a board of revision can request the property owner to produce certain documents at the hearing; however, the property owner can refuse to comply with the request. Second, if the owner chooses not to comply, the board of revision must still proceed to hear the evidence the owner wishes to present. Third, in rendering its decision after the owner has not provided the requested information, the board of revision can affirm the auditor's finding on the basis that the owner did not meet its burden of proof. Fourth, if the owner appeals the decision on its complaint, the Board of Tax Appeals can attempt to obtain the requested information through discovery.

■ In their response to the motion to dismiss, relators argue that the *Kalmbach* holding supports the conclusion that a board of revision can never issue a subpoena *duces tecum* to a complainant. However, in our estimation, relators' interpretation of *Kalmbach* is too broad. Instead, we conclude that *Kalmbach* stands for the proposition that a board of revision has no authority to impose a sanction for a complainant's failure to submit additional information. Accordingly, to the extent that an unenforced subpoena *duces tecum* can be viewed as a glorified request for information, it logically follows that the mere issuance of such a subpoena is insufficient to establish that respondents have acted beyond the scope of their authority.

■ As an aside, this court would emphasize that, given respondents' lack of ability to enforce any type of discovery order, their employment of a subpoena *duces tecum* was a superfluous act. In the future, it would certainly be advisable

for respondents to make a simple request for the information, instead of attempting to cloak their request in the legal shroud of a subpoena *duces tecum*. Nevertheless, although respondents' use of this procedural mechanism is inappropriate, it does not become a jurisdictional error until they try to enforce it.

In their prohibition petition, relators have not alleged that respondents have taken any steps to force them to comply with the subpoena *duces tecum*. That is, relators' have not alleged that respondents have tried to dismiss their complaints or otherwise sanction them for failing to provide the requested information. As to this point, we would indicate that the mere scheduling of a hearing on the matter does not constitute a sanction. Thus, even if we assume that the failure to follow *Kalmbach* would suffice to demonstrate a total lack of jurisdiction for purposes of a prohibition claim, relators' allegations do not show that such a failure has actually occurred.

As a separate basis for their motion to dismiss, respondents assert that the propriety of the subpoena cannot be challenged in the context of a prohibition case because there are other types of actions in which the issue could be raised. In response, relators argue that none of these other actions constitute an adequate legal remedy because they would be required to produce the disputed documents before they could litigate the subpoena issue in a subsequent action.

Again, this court concludes that the *Kalmbach* analysis is controlling on this matter. The foregoing quotes from *Kalmbach* readily indicate that the Supreme Court of Ohio has envisioned that discovery issues in actions before the board of revision should be litigated in an appeal from the board's decision on the merits. Under the *Kalmbach* procedure, if a board of revision denies the property owner's complaint on the basis that the owner has failed to provide sufficient evidence to sustain its burden of proof, the owner can appeal that decision to either the Board of Tax Appeals or a court of common pleas. As part of such an appeal, the owner can raise the issue of whether the requested information was relevant to the valuation of the property in question.

Pursuant to this procedure, relators would not be required to disclose the disputed documents before bringing an appeal to the Board of Tax Appeals or a court of common pleas. Consequently, the appeal would constitute an adequate legal remedy because it would essentially give relators the opportunity to achieve the same result as they have tried to obtain in the instant action.[1]

In applying Civ.R. 12(B)(6), the Supreme Court of Ohio has stated that a petition can be dismissed for failing to state a viable claim when the allegations

---

1. Respondents argue in their motion to dismiss that discovery issues can also be litigated in a proceeding under R.C. 5715.10. In light of our interpretation of the *Kalmbach* decision, it is not necessary for this court to address this specific argument.

indicate beyond doubt that the relator/plaintiff can prove no set of facts under which the requested relief could be granted. See *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 95, 647 N.E.2d 788, 790–791. Consistent with the foregoing analysis, this court holds that respondents have met this standard in relation to both the second and third elements of relators' prohibition claim. Relators' own allegations indicate that they will not be able to show that they lack an adequate legal remedy and that respondents have acted beyond the scope of their authority.

Accordingly, respondents' motion to dismiss is granted. It is the order of this court that relators' prohibition petition is hereby dismissed.

*Judgment accordingly.*

FORD, P.J., CHRISTLEY and NADER, JJ., concur.