## HEUCK v DEVOU

Ohio Appeals, 1st Dist, Hamilton Co

Decided Dec 10, 1934

122

Louis J. Schneider, Pros. Atty., Cincinnati, Walter M. Locke, Asst. Pros. Atty., Cincinnati, and Wm. J. Ford, Asst. Atty. General, Columbus, for plaintiff in error.

Sol Goodman, Cincinnati, and Ray L. Struble, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

We are in accord with the holding of the trial court on these questions.

The further question raised is whether or not the trial court should retain the case and ascertain whether there had been an over-valuation of the property, or send it back to the tax commission for the purpose of examining the complaint.

We are of opinion that the trial court had the right, in its discretion, to retain the case and examine the complaint and make its finding concerning the same, or remand the case to the tax commission for a hearing on the complaint.

An analogous case on this question was considered by the Supreme Court of Ohio, Floyd, County Auditor et v Light & 'Heat Co., 111 Oh St 57. True, this was a case where the commission was examining the property of a public utility, but the principle of the power of the tax commission under §5611-2, GC, and the provision for prosecuting error to the Common Pleas Court in that section are considered in the Floyd case. The third syllabus is:

"In such a proceeding the Common Pleas Court is required upon request to find the ultimate facts upon which its judgments are based, but need not make a finding of the value of the property, if in its discretion it orders the cause remanded to the tax commission for further proceedings."*

In the Floyd case the tax commission proceeded to fix a valuation on the property of the utility. From that valuation fixed, a petition in error was filed in the Common Pleas Court, as was done in the case under consideration, upon the hearing in the Common Pleas Court, that court reversed the order of the tax commission for revaluation of the property in accordance with the findings of the court; the court having made separate findings of fact and conclusions of law. The right to remand to the tax commission was challenged among other questions in the case. In commenting on §5611-2, GC, Chief Justice Marshall in the opinion, at page 65, stated:

"It will further be observed that the Common Pleas Court may reverse, vacate or modify. A reversal or vacation would not necessarily be a final determination of the matter, and on the other hand a modification clearly contemplates a final judgment. It would seem, therefore, that the Common Pleas Court, in its discretion, might either make a finding of value and render final judgment or reverse and remand. It must of course be a sound judicial discretion and should only render final judgment where the testimony is such as to require no further data or information and where the case is one of sufficient clearness to dispense with the employment of taxation experts."

In the case under consideration, the tax commission had made no finding of value. There was no testimony or data before the Common Pleas Court in the error proceeding. The trial court might have, under authority of §5611-2, GC, taken additional evidence. This presupposes some evidence to have been offered on which the commission could act. If we should conclude that the Common Pleas Court could take additional evidence, to secure the evidence on which to render final judgment, under §5611-2, GC, as interpreted by the Supreme Court in the Floyd case, the court had the discretionary power to reverse and remand the case of the tax commission for further proceedings and valuation.

We find no error in the record, and the judgment of the Common Pleas Court is affirmed.

CUSHING and ROSS, JJ, concur.