Turner, J.
 

 Some preliminary observations are in order. It should need no citation of authority to convince that this court will not go outside of the record in the consideration of facts in appealed causes.
 

 No consideration will be given to Section 5609-2 or 5609-3, General Code (119 Ohio Law^s, —), which were not in effect at the time of the decision of these appeals by the Board of Tax Appeals. Neither will any attention be paid to amendments of the General Code which became effective after these appeals became pending proceedings upon complaint being filed with the county auditor, except such as are embraced within the provisions of Section 1464-11, General Code, effective May 15, 1939 (118 Ohio Laws, 351), which provides in part:
 

 “All proceedings of whatsoever character, pending before the Tax Commission of Ohio or a commissioner or member thereof at the time said commission and
 
 *17
 
 said offices of commissioners or members thereof, shall, by the provisions of this act, be abolished, and all proceedings pending in any court, in which the Tax Commission of Ohio or a commissioner or member thereof is a party shall continue to completion
 
 under this act.”
 
 (Italics ours.)
 

 These appeals were presented in oral argument and briefs upon a statement of facts, a part only of which facts are to be found in the transcripts of the record and the proceedings before the Board of Tax Appeals.
 

 Section 5611-2, General Code, as amended in 118 Ohio Laws, 355, provides in part:
 

 “The Board of Tax Appeals, upon written demand filed by an appellant, shall, within thirty days after the filing of such demand, file with the Supreme Court a certified transcript of the record of the proceedings of the Board of Tax Appeals pertaining to the decision complained of, and the
 
 evidence considered by the board
 
 in making such decision.
 

 “If upon hearing and consideration of
 
 such record and evidence
 
 the Supreme Court is of the opinion that the decision of the Board of Tax Appeals appealed from is reasonable and lawful it shall affirm the same, but if the Supreme Court is of the opinion that such decision of the Board of Tax Appeals'is unreasonable or unlawful, it shall reverse and vacate same or it may modify same and enter final judgment in accordance with such modification.” (Italics ours.)
 

 Appellants state the question of law here involved as:
 

 “The sole question involved in this appeal is — Does payment of taxes during the pendency of an appeal from the appraisal of real estate by the county auditor to the- county board of revision and then to the Board of Tax Appeals before said boards have acted on said appeal, and where the valuation is for a period of six years under Section 5548, General Code, abate the appeal, and leave only a moot question for decision?”
 

 
 *18
 
 While we shall answer the question as propounded, we do not agree that it is the sole or controlling question in this case.
 

 Proceeding to a discussion of appellants’ law question as stated, we are not unmindful that a motion to certify was overruled in the ease of
 
 Heuck, Aud.,
 
 v.
 
 Devon,
 
 49 Ohio App., 478, 197 N. E., 374, wherein it was held by the Court of Appeals that “a property owner’s right to appeal from an appraisal of real property by a county auditor, where the valuation is for a period of six years under Section 5548, General Code, is not abated by the payment of taxes for one year during the pendency of the appeal.”
 

 As was said by Judge Jones in the case of
 
 Village o f Brewster
 
 v.
 
 Hill,
 
 128 Ohio St., 343, 352, 190 N. E., 766:
 

 “We have heretofore announced that, in cases knocking at our door for certification, the refusal of a motion to certify, even if the same legal question is decisively involved, does not furnish an adjudication of the question by this court as an established precedent for future cases.”
 

 See, also, concurring opinion of Chief Justice Marshall, in
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio St., 42, 59, 183 N. E., 873, 92 A. L. R., 15.
 

 Besides, as we have observed and will give the reasons therefor later, we do not think that the question decided in
 
 Heuck, Aud.,
 
 v.
 
 Devou,, supra,
 
 is decisive of the appeals here in question.
 

 Under the provisions of Section 5597, General Code, a county board of revision is limited to hearing complaints relating to the valuation and assessment of real property ‘ ‘ as the same appears upon the tax duplicate of
 
 the then current year.”
 
 (Italics ours.) The Board of Tax Appeals has no greater jurisdiction upon appeal.
 

 We are of the opinion that neither the revaluation by the county board of revision under Sections 5597 and 5602, General Code, nor a revaluation by the Board
 
 *19
 
 of Tax Appeals under Section 5610
 
 et seq.,
 
 General Code, freezés the valuation of the real property in question for any part of the sexennial period except the year specifically complained of. The correctness of the valuation for the then current year complained of is the only question which either the county board of revision or the Board of Tax Appeals has the authority to determine. A review of our tax-assessment laws shows that the sexennial valuation is tentative or
 
 prima facie
 
 and may be increased or decreased from year to year dependent upon the surrounding circumstances obtaining for the year in which the correction is made. A correction by either the county board of revision or the Board of Tax Appeals merely substitutes for the then current year complained of a valuation which is binding only for the year in question. While such corrected valuation may stand'for the balance of the sexennial period, there is no provision of law preventing further correction of - the valuation for any later year.
 

 While appellants state the sole question of law as set forth
 
 supra,
 
 yet as a part of their argument to show that the question before the Board of Tax Appeals was not moot, appellants claim that their payment of taxes for the year 1937 was not voluntary and that upon a correction of the valuation by the Board of Tax Appeals any overpayment might be recovered under Section 12077, General Code.
 

 So far as is shown by the transcript of the record before the county board of revision the proceedings were dismissed by that board solely because the complainants (appellants here) failed to produce any evidence in support of their complaint of the valuation for the year 1937.
 

 As stated by the Board of Tax Appeals in its decision: “However, the county board of revision instead of dismissing the complaint, considered and determined the same and fixed the taxable valuation of the
 
 *20
 
 property, both as to the land and the improvements thereon, at the same figures indicated in the assessment made by the county auditor. ’ ’
 

 While the letter of protest under date of May 19, 1938, which accompanied the check for the payment of taxes for the first half of 1937 was before the Board of Tax Appeals no evidence of a reference to any similar letter accompanying the payment of taxes for the last half of 1937 is to be found in the record. Upon the record before it, the Board of Tax Appeals found:
 

 “However, it further appears that this taxpayer paid the taxes on this property for the last half of the year 1937 at the full assessed valuation thereof without protest or objection of any kind; and, as above noted, this voluntary payment of taxes for the last half of the year 1937, which constituted a full payment of all of the taxes then due and payable for said year on the valuation thereof as assessed by the county auditor, was made while the taxpayer’s complaint was pending before the county board of revision and before said board had acted upon such complaint. ’ ’
 

 This finding of the Board of Tax Appeals is justified by the record.
 

 Appellants complain bécause a hearing was denied the taxpayer before the county board of revision and no opportunity was afforded them to place in the record the letter sent with the second installment of 1937 taxes. The record fails to substantiate appellants’ claim that they were denied such hearing or opportunity seasonably requested. The record does not disclose any profert of such evidence before either the county board of revision or the Board of Tax Appeals. The only information concerning the letter accompanying the payment of taxes for the last half of 1937 is contained in appellants ’ brief, and is as follows:
 

 “In October, 1938, the appellant paid the last half of the year 1937 taxes on the assessed valuation of the property and again the check was drawn to the county
 
 *21
 
 treasurer containing the identical language set forth above, with the exception that the last half of the year was indicated as being paid instead of the first half.
 
 Also a similar letter was sent with the said check, excepting that the last half of the year 1937 was indicated instead of the first half.”
 
 (Italics ours.)
 

 Appellants then claim that “Section 12077, General Code, provides the method of paying the full taxes assessed without waiving the right to sue under Section 12075, General Code, for the return of taxes illegally collected.”
 

 Assuming, but not deciding, that the remedy under Section 12077, General Code, would be available to appellants in the event of a reduction of the challenged valuation, there are not sufficient facts disclosed by the record in this case to show a substantial compliance with that part of Section 12077, General Code, which provides: “If a plaintiff in an action to recover back taxes or assessments or both alleges and proves that he or the ’corporation or a deceased person whose estate he represents, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered,
 
 specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under this ch'apter,
 
 such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid.” (Italics ours.)
 

 While The Swetland Company’s letter of May 19, 1938, introduced before the Board of Tax Appeals, malíes the claim that the tender of the check in payment for the taxes for the first half of the year 1937 was in accordance with the privilege granted by Section 5609, General Code, yet that tender fails to comply with the terms of Section 5609, General Code, which provides in part as follows:
 

 ‘ ‘ Complaint against any valuation or assessment as the same appears upon the tax duplicate
 
 of the then
 
 
 *22
 

 current yea/r,
 
 may be filed on or before the time limited for payment of taxes for the first half year, or at any time during wbicb taxes are received by a county treasurer, without penalty for the first half year. * * # Each complaint shall state the amount of overvaluation, undervaluation, or illegal valuation, complained of;
 
 and the treasurer may accept any amount tendered as taxes upon property concerning which a complaint is then pending, and computed upon the claimed valuation as set forth in
 
 complaint,
 
 and if such tender is not accepted no penalty shall he assessed because of the nonpayment thereof.”
 
 (Italics ours.)
 

 The so-called protest and procedure thereunder do not comply with either Section 5609 or Section 12077, General Code.
 

 We conclude that the Board of Tax Appeals was right in holding that the payment of the 1937 taxes in full was voluntary and that the question before the county board of revision was moot.
 

 Coming now to what we hold to be dispositive of these cases.
 

 The record, affirmatively shows that the complainants (appellants here) offered no evidence in support of their complaints before either the county board of revision or the Board of Tax Appeals. Section 5579, General Code, provides for county boards of revision to
 
 hear
 
 complaints and revise assessments of real property for taxation. “The county board of revision is a gw&si-judicial body.” 38 Ohio Jurisprudence, 1056.
 

 The record shows that the county board of revision set these complaints down for hearing on a number of occasions, but that the complaining taxpayers failed to appear. Even after one dismissal of the complaints by the county board of revision, appellants here failed to appear or offer evidence before such board. Under such circumstances the county board of revision was •justified in determining and fixing the taxable valuation of the property both as to the land and improve-
 
 *23
 
 meats at the same figure indicated in the assessment made by the county auditor.
 

 Under the provisions of Section 5610, General Code, “The Board of Tax Appeals may order the appeal to be heard upon the record and the evidence certified to it by the county board of revision
 
 or it may order the hearing of additional evidence,
 
 and it may make, or cause to be made, such investigation with respect to the appeal as it may deem proper.” (Italics ours.)
 

 The record shows that notice of a hearing before the Board of Tax Appeals was given and that appellants did not appear and that no evidence was offered on behalf of appellants.
 

 While appellants claim they were denied the opportunity to place in evidence before the county board of revision the letter sent with the second installment of taxes, no complaint is made of any lack of opportunity to offer this letter or any other facts before the Board of Tax Appeals either before or after its decision.
 

 As there was no evidence in the transcript from the county board of revision offered before the Board of Tax Appeals upon which to fix a valuation different from that fixed by the county auditor, the Board of Tax Appeals was correct in dismissing the appeals irrespective of any reason given for such action.
 

 There is nothing in the record submitted which would justify an opinion of this court that the decisions of the Board of Tax Appeals herein appealed from are unreasonable or unlawful.
 

 Therefore, the decision of the Board of Tax Appeals in each of the cases here under consideration should be, and hereby is, affirmed.
 

 Decisions affirmed.
 

 Weygandt, 0. J., Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.