MIAMI CIGAR & TOBACCO CO., APPELLANT, *v.* PECK, TAX COMMR., ET AL., APPELLEES.

(No. 2271—Decided March 12, 1954.)

*Mr. Ralph A. Skilken,* for appellant.

*Mr. C. William O'Neill,* attorney general, and *Mr. Ralph N. Mahaffey,* for appellees.

WISEMAN, P. J.    This cause is submitted on motion of appellees for an order dismissing the appeal on the ground that appellant has failed to file its assignments of error and brief within the time fixed by Rule VII of the Rules of the Courts of Appeals and a motion by appellant for an order fixing the time within which to file briefs.

This is an appeal from an order of the Board of Tax Appeals.    The appeal to this court is under the provisions of Section 5717.04, Revised Code.    The record shows that the notice of appeal was filed on November 12, 1953.    On November 19, 1953, a transcript of the record of the proceeding before the Board of Tax Appeals of the Department of Taxation of Ohio

was filed in this court, as required by law. In the notice of appeal, filed on November 12, 1953, the appellant ''set forth the decision of the board appealed from and the errors therein complained of'' as provided in Section 5717.04, Revised Code. The order appealed from is dated October 14, 1953; consequently the notice of appeal was filed within 30 days after the entry of decision of the board.

On the motion of appellee to dismiss the appeal, counsel for the appellant raises the question as to the nature of the appeal, the contention being that the appeal is on questions of law and fact. If the appeal is on questions of law and fact, the provisions of Rule VII have no application.

Section 5717.04, Revised Code, in part, provides:

''The proceeding to obtain a reversal, vacation, or modification of a decision of the Board of Tax Appeals shall be by *appeal* to the Supreme Court or the Court of Appeals for the county in which the property taxed is situate or in which the taxpayer resides.'' (Emphasis ours.)

What is the meaning of the word, ''appeal''?

Section 5717.04, Revised Code, was formerly Section 5611-2, General Code, which, in part, provided:

''The proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Supreme Court of Ohio.''

It will be observed that the word, ''appeal,'' is used in both sections, and in the present section with respect to appeals to both the Supreme Court and the Court of Appeals.

The Supreme Court held, in *Neil House Hotel Co.* v. *Board of Revision,* 147 Ohio St., 231, 70 N. E. (2d), 646:

''Upon an appeal from the Board of Tax Appeals, the Supreme Court will not consider any matter not

presented to the Board of Tax Appeals, but will confine the exercise of its revisory jurisdiction to the transcript of the record of the proceedings of such board pertaining to the decision complained of and the evidence considered by the board in making its decision. (Section 5611-2, General Code.)"

In *Swetland Co.* v. *Evatt, Tax Commr.,* 139 Ohio St., 6, 37 N. E. (2d), 601, the first paragraph of the syllabus is as follows:

"Under Section 5611-2, General Code, in a proceeding appealed from the Board of Tax Appeals, this court may not consider any evidence which does not appear in the certified transcript of the record and proceedings of the Board of Tax Appeals pertaining to the decision of which complaint is made."

It is well settled that the Supreme Court will not consider matters which were not presented to the Board of Tax Appeals. Inasmuch as the appeal taken to this court under Section 5717.04, Revised Code, is the same type of appeal as was formerly taken to the Supreme Court under Section 5611-2, General Code, and which may now be taken to the Supreme Court under Section 5717.04, Revised Code, the rule announced by the Supreme Court in the *Neil House* and *Swetland Co. cases* would control. We conclude that the appeal is on questions of law only.

It is interesting to note the provision of the Administrative Procedure Act. Section 119.01, Revised Code, defines "agency" as follows: "(A) 'Agency' means, except as limited by this division, * * * the Department of Taxation * * *," which definition is followed by certain exclusions. Section 119.12, Revised Code, provides for the procedure on appeal from an order of an agency, the third paragraph of which provides as follows: "This section does not apply to appeals from the Department of Taxation."

"Appeal" is defined in Section 119.01, Revised Code, as follows:

"(H) 'Appeal' means the procedure by which a person aggrieved by a finding, decision, order, or adjudication of any agency, invokes the jurisdiction of a court."

We conclude that an appeal to this court from an order of the Board of Tax Appeals is not controlled by the Administrative Procedure Act, but by Section 5717.04, Revised Code.

The question now presented is whether the provisions of Rule VII with respect to the time within which assignments of error and briefs must be filed control appeals from the Board of Tax Appeals. It is conceded that briefs have not been filed within the time prescribed by Rule VII. The appellant contends that Rule VII has no application, and that the statute with respect to appeals from an order of the Board of Tax Appeals applies. Section 5717.04, Revised Code, in part provides:

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. Such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.

"* * *

"The board, upon written demand filed by an appellant, shall within thirty days after the filing of such demand file with the court to which the appeal is being taken a certified transcript of the record of the proceedings of the board pertaining to the decision complained of and the evidence considered by the board in making such decision."

Because of the above provisions it is contended by appellant that the provisions of the Appellate Procedure Act (Sections 2505.01 to 2505.45, Revised Code) have no application to this appeal. Rule VII of the rules of this court was adopted under the authority conferred on the several judges of the Courts of Appeals of this state to make rules regulating the practice and conduct of the business of the respective courts as provided in Section 2505.45, Revised Code. The narrow question presented is whether the rules adopted by the judges of the Courts of Appeals of this state regulate appeals taken from the Board of Tax Appeals. It is clear that the provisions of the Appellate Procedure Act regulating the time for filing a bill of exceptions (Section 2321.05, Revised Code), the filing of a transcript of the proceedings (Section 2505.08, Revised Code), the time within which to perfect an appeal (Section 2505.07, Revised Code), and the statute with respect to the filing of assignments of error (Section 2505.21, Revised Code), have no application to an appeal from the Board of Tax Appeals. Such matters are controlled by the provisions of Section 5717.04, Revised Code. The only matter not governed by the last mentioned section is the time within which briefs shall be filed.

It is conceded that Rule VII was adopted many years ago, before the enactment of Section 5717.04, Revised Code, effective October 2, 1953, which confers jurisdiction on the Court of Appeals in such matters. It was not within the contemplation of the several judges of the Courts of Appeals in the adoption of Rule VII that it should embrace appeals from the Board of Tax Appeals. This type of appeal is the only appeal that may be taken direct to the Court of Appeals; all other appeals from boards, commissions, etc., are taken first to the Common Pleas Court. The

time limits provided in Section 5717.04, Revised Code, with respect to the filing of notice of appeal, transcript of the record and the errors assigned, are so different from the statutory provisions controlling other appeals that the court concludes that Rule VII with respect to the provision which requires appellant to file his briefs within fifty days after the notice of appeal has no application to appeals from the Board of Tax Appeals. Until such time as the several judges of the Courts of Appeals adopt a rule controlling such appeals, the time within which briefs are required to be filed will be subject to special order.

The motion to dismiss will be overruled. Motion of appellant for an order fixing the time within which to file briefs will be sustained. The court orders appellant to file briefs within thirty days after entry is filed journalizing this opinion, an answer brief within twenty days after date of filing of appellant's brief, and reply brief within twenty days after date of filing the answer brief.

*Judgment accordingly.*

MILLER and HORNBECK, JJ., concur.