OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Gammarino, Appellee, v. Hamilton County Board of Revision; Rhodes, Auditor, Appellant.
[Cite as Gammarino v. Hamilton Cty. Bd. of Revision (1994),        Ohio St.3d        .]
Taxation -- Real property valuation -- Complaint filed with board of revision -- R.C. 5715.19(A)(2), applied.
(No. 93-2272 -- Submitted September 9, 1994 -- Decided December 30, 1994.)

Appeal from the Board of Tax Appeals, No. 92-B-1402.

Appellee, Al Gammarino, objected to the valuation of certain real property as determined by the Auditor of Hamilton County for tax year 1990 and filed a complaint with the Hamilton County Board of Revision. The board dismissed the complaint for lack of standing and Gammarino appealed to the Board of Tax Appeals ("BTA"). That appeal was dismissed because Gammarino failed to file a timely notice of appeal. Tax year 1990 was the first year of a triennium.

For tax year 1991 Gammarino filed the instant complaint with the board of revision, again challenging the valuation of the same parcel. The board dismissed the complaint for lack of prosecution, because Gammarino failed to appear for the board of revision hearing despite having received notice of the hearing. Again, Gammarino appealed to the BTA.

At the BTA hearing, the auditor moved to dismiss the appeal under R.C. 5715.19(A)(2), asserting that the valuation fixed for the first year of the triennum applied to subsequent years. The auditor contended also that the appeal should be dismissed because Gammarino had failed to appear at the board of revision hearing or otherwise participate before the board of revision.

The BTA denied the auditor's motion, finding that the board of revision lacked the statutory authority to dismiss the complaint and was required by R.C. 5715.19 to determine the value of the subject property. The BTA reinstated Gammarino's complaint and remanded the cause to the board of revision for a

determination of value.

The cause is now before this court on appeal as of right.

Joseph T. Deters, Hamilton County Prosecuting Attorney , and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellant.

Per Curiam. The decision of the BTA is unreasonable and unlawful and it is reversed.

R.C. 5715.19(A)(2) prohibits a person from filing a complaint as to the valuation of property if the person "filed a complaint against the valuation * * * for any prior tax year in the same interim period, unless the person * * * alleges that the valuation * * * should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

"(a) The property was sold in an arm's length transaction * * *;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property."

R.C. 5715.19(A)(2) further states: "'interim period' means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again."

R.C. 5715.19(A)(2) clearly provides that only one complaint can be filed during each interim period absent any showing of a change in circumstances as described in R.C. 5715.19(A)(2)(a) through (d). Gammarino never disputed that he had failed two complaints within the same interim period, and in his second complaint, he failed to assert the applicability of any of the circumstances enumerated in R.C. 5715.19(A)(2)(a) through (d).

Therefore, the BTA erred in failing to grant the auditor's motion to dismiss Gammarino's appeal on the basis that a complaint for the first year of the same triennium had already been filed.

The decision of the BTA refusing to dismiss the complaint and requiring the board of revision to make a determination as to the value of the subject property is unreasonable and unlawful and it is reversed.

                              Decision reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.