LCL INCOME PROPERTIES, APPELLEE, *v.* RHODES, AUD., APPELLANT.

[Cite as *LCL Income Properties v. Rhodes* (1995), 71 Ohio St.3d 652.]

(No. 94–728—Submitted November 4, 1994—Decided April 5, 1995.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas J. Scheve,* Assistant Prosecuting Attorney, for appellant.

———————

*Per Curiam.* The auditor claims that the BTA erred in failing to affirm the board of revision's dismissal of Hollingsworth's complaint for failure of the complainant to appear at the scheduled board of revision hearing.

The BTA's decision is unreasonable and it is reversed.

As the auditor states in his brief:

"[W]e are talking about a reasonable procedural requirement. We are simply asking the taxpayer to show up. It really is not too much to ask."

We agree. Neither Hollingsworth nor LCL appeared for hearings before the board of revision or the BTA or filed briefs in this court or appeared at the hearing before this court. As we said in paragraph nine of the syllabus of *Swetland Co. v. Evatt* (1941), 139 Ohio St. 6, 21 O.O. 511, 37 N.E.2d 601, "[a] county board of revision * * * is a *quasi*-judicial body, and where a taxpayer files a complaint against the assessed value of his real property and thereafter fails to attend a hearing of which he had notice and no evidence in support of such complaint is offered by or on behalf of the taxpayer, a county board of revision is justified in fixing the valuation complained of in the amount assessed by the county auditor."

That is precisely the situation involved here before the Hamilton County Board of Revision and that is the practical result of the dismissal by the board of revision: it fixes "the valuation complained of in the amount assessed by the county auditor." Stated another way, functionally, the dismissal approves the auditor's valuation.

The BTA's decision requiring the board of revision to revalue every property complained of, even if the complainant does not appear at a hearing to contest the valuation, and even if the complainant presents no evidence, is unreasonable. Moreover, it ignores the primary obligation of a property owner who challenges a real property valuation: to sustain the burden of proving that the property has been overvalued.

There are many situations in which dismissal is the proper solution. One example is a failure to comply with a procedural requirement, such as the timely filing of a notice of appeal. Another is the filing of a second complaint against the valuation of real property after a first complaint in a prior year of a triennium. See *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E.2d 1143.

The board of revision had authority to dismiss the complaint. The failure of the BTA to affirm the dismissal by the board of revision was unreasonable and its decision is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.