[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 652.]

LCL INCOME PROPERTIES, APPELLEE, *v.* RHODES, AUD., APPELLANT.

[Cite as *LCL Income Properties v. Rhodes*, 1995-Ohio-210.]

*Taxation—Real property—Appeal of county auditor's valuation to board of revision—Failure of property owner to appear at hearing is proper ground for dismissal of complaint.*

(No. 94-728—Submitted November 4, 1994—Decided April 5, 1995.)

APPEAL from the Board of Tax Appeals, No. 92-J-1225.

_____

{¶ 1} Jim Hollingsworth of Hollingsworth Group, Inc., Nashville, Tennessee, acting on behalf of appellee LCL Income Properties ("LCL"), filed a complaint with the Hamilton County Board of Revision against the valuation by the Hamilton County Auditor of property owned by LCL in Cincinnati. The board of revision assigned the matter for hearing and notified Hollingsworth. When neither Hollingsworth nor LCL appeared for the hearing, the board of revision dismissed the complaint for failure to prosecute.

{¶ 2} LCL, through Hollingsworth as "agent for owner," appealed to the Board of Tax Appeals ("BTA"). The auditor filed a motion to dismiss. The BTA, without ruling on the motion, remanded the matter to the board of revision "to determine value based upon any evidence which may be submitted." The BTA found that the board of revision had "incorrectly determined that the failure of the property owner to appear at the hearing is proper grounds for dismissal of the complaint," and that the board of revision "cannot avoid its statutory duty to render a decision on the value of the subject property by dismissing the action."

{¶ 3} The cause is now before this court upon an appeal as of right.

_____

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellant.

_____

**Per Curiam.**

{¶ 4} The auditor claims that the BTA erred in failing to affirm the board of revision's dismissal of Hollingsworth's complaint for failure of the complainant to appear at the scheduled board of revision hearing.

{¶ 5} The BTA's decision is unreasonable and it is reversed.

{¶ 6} As the auditor states in his brief:

"[W]e are talking about a reasonable procedural requirement. We are simply asking the taxpayer to show up. It really is not too much to ask." We agree. Neither Hollingsworth nor LCL appeared for hearings before the board of revision or the BTA or filed briefs in this court or appeared at the hearing before this court. As we said in paragraph nine of the syllabus of *Swetland Co. v. Evatt* (1941), 139 Ohio St. 6, 37 N.E.2d 607, "[a ] county board of revision * * * is a *quasi*-judicial body, and where a taxpayer files a complaint against the assessed value of his real property and thereafter fails to attend a hearing of which he had notice and no evidence in support of such complaint is offered by or on behalf of the taxpayer, a county board of revision is justified in fixing the valuation complained of in the amount assessed by the county auditor."

{¶ 7} That is precisely the situation involved here before the Hamilton County Board of Revision and that is the practical result of the dismissal by the board of revision: it fixes "the valuation complained of in the amount assessed by the county auditor." Stated another way, functionally, the dismissal approves the auditor's valuation.

{¶ 8} The BTA's decision requiring the board of revision to revalue every property complained of, even if the complainant does not appear at a hearing to contest the valuation, and even if the complainant presents no evidence, is

unreasonable. Moreover, it ignores the primary obligation of a property owner who challenges a real property valuation: to sustain the burden of proving that the property has been overvalued.

{¶ 9} There are many situations in which dismissal is the proper solution. One example is a failure to comply with a procedural requirement, such as the timely filing of a notice of appeal. Another is the filing of a second complaint against the valuation of real property after a first complaint in a prior year of a triennium. See *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E.2d 1143.

{¶ 10} The board of revision had authority to dismiss the complaint. The failure of the BTA to affirm the dismissal by the board of revision was unreasonable and its decision is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____