[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 500.]

SNAVELY, APPELLEE, v. ERIE COUNTY BOARD OF REVISION ET AL.,
APPELLANTS.

[Cite as *Snavely v. Erie Cty. Bd. of Revision*, 1997-Ohio-28.]

*Taxation—Real property valuation--Failure to meet the burden of proof before a board of revision does not justify dismissal of complaint.*

(No. 96-1697—Submitted February 25, 1997—Decided June 4, 1997.)

APPEAL from the Board of Tax Appeals, No. 95-K-1242.

————————————

{¶ 1} Appellee, Thomas G. Snavely, filed a real property valuation complaint with the Erie County Board of Revision ("BOR") seeking a reduction in valuation for tax year 1994. In response to Snavely's complaint, the Sandusky City School District Board of Education ("BOE") filed a countercomplaint to affirm the Erie County Auditor's valuation. Prior to the hearing before the BOR, Snavely's counsel provided it with a document entitled "Owner's Opinion of Value." At the hearing before the BOR, both Snavely and the BOE were represented by counsel; however, neither party offered any witnesses.

{¶ 2} The Owner's Opinion of Value contained financial data concerning the business that occupied the real property in question. In addition, it contained calculations of value based on the profits Snavely had received from the business being operated on the property. The Owner's Opinion of Value submitted to the BOR was neither signed nor verified. Counsel for the BOE moved the BOR to dismiss Snavely's complaint for failure to comply with certain local rules. In her oral motion to dismiss, counsel for the BOE referred to several local rules of the BOR; however, no copies of the local rules were included in the record.

{¶ 3} Approximately three months after the BOR hearing, Snavely received a form letter from the BOR dismissing his complaint. The BOR's letter stated,

"After a consideration of the information and evidence which you presented, as well as the recommendation of the appraiser, it is the decision of the Erie County Board of Revision that the following action take place relative to your complaint." Thereafter the BOR letter listed four possible choices. In this case an "X" was placed next to the word "Dismissed." No further explanation was given for the dismissal.

{¶ 4} Snavely filed a notice of appeal with the Board of Tax Appeals ("BTA"). The county auditor filed a motion with the BTA to affirm the BOR's decision. One day after filing his first motion, the county auditor filed an alternative motion asking that the appeal be heard on the record of the proceedings before the BOR. Snavely responded by filing a motion to remand to the BOR and to deny the county auditor's motion to affirm. The parties agreed to have the matter decided by the BTA based upon the record before the BOR.

{¶ 5} The BTA reversed the BOR and remanded the matter to the BOR with instructions for it to determine the value of the real property. The county auditor and the BOR and the BOE filed a joint notice of appeal with this court.

{¶ 6} This cause is now before the court upon an appeal as of right.

_____

*Fred Siegel Co., L.P.A.,* and *Fred Siegel*; and *Annrita S. Johnson*, for appellee.

*Teaford, Rich & Wheeler* and *James R. Gory*, for appellants Erie County Auditor and Board of Revision.

*Means, Bichimer, Burkholder & Baker* and *Karrie M. Kalail*, for appellant Sandusky City School District Board of Education.

_____

***Per Curiam.***

**{¶ 7}** Appellants contend that the BTA's reversal of the BOR decision was inconsistent with our decision in *LCL Income Properties v. Rhodes* (1995), 71 Ohio St.3d 652, 646 N.E.2d 1108. We disagree.

**{¶ 8}** In *LCL Income Properties* this court affirmed the dismissal of a real property valuation complaint by a board of revision when no one appeared at the hearing on behalf of the taxpayer seeking a decrease in value. Our decision in *LCL Income Properties* was an extension of, and based upon, our prior decision in *Swetland Co. v. Evatt* (1941), 139 Ohio St. 6, 21 O.O. 511, 37 N.E. 601, where in paragraph nine of the syllabus we held:

"A county board of revision * * * is a *quasi*-judicial body, and where a taxpayer files a complaint against the assessed value of his real estate and thereafter fails to attend a hearing of which he had notice and no evidence in support of such complaint is offered by or on behalf of the taxpayer, a county board of revision is justified in fixing the valuation complained of in the amount assessed by the county auditor."

**{¶ 9}** In *LCL Income Properties* we approved dismissal as a sanction for the failure to prosecute a complaint filed with a board of revision. While as a practical matter a dismissal results in an approval of the county auditor's valuation, it does not require the board of revision to consider revaluation of the property. See *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E.2d 1143, where a dismissed complaint was counted as a filed complaint for purposes of R.C. 5715.19(A)(2).

**{¶ 10}** A comparison of the facts in *LCL Income Properties* and the facts in this case shows that the situations are not the same. In *LCL Income Properties,* no one appeared before the board of revision on behalf of the taxpayer seeking a reduction in valuation. In the present case, the taxpayer was represented by counsel

at the BOR hearing. In addition, a document entitled "Owner's Opinion of Value" was presented to the BOR prior to the hearing.

{¶ 11} In *Amsdell v. Cuyahoga Cty. Bd. of Revision* (1994), 69 Ohio St.3d 572, 574, 635 N.E.2d 11, this court stated that a principal owner of property "was competent to present testimony, including his opinion of the value of the real property," before the BTA. If an owner is competent to state his or her opinion of value before the BTA, that owner is also competent to present an opinion of value before a board of revision. However, in this case the owner did not appear personally, and therefore the BOR was unable to question the owner about his Owner's Opinion of Value. The inability to question the owner would be a factor that the BOR may consider in deciding how much weight should be accorded to the Owner's Opinion of Value. In addition, in this case the failure of the owner to sign or verify in writing his written opinion of value would be another factor that may be weighed by the BOR.

{¶ 12} Appellants further contend that R.C. 5715.13 creates a statutory burden of proof on a complainant before a board of revision. We disagree.

{¶ 13} R.C. 5715.13 provides that "[t]he county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made." By its terms, R.C. 5715.13 is applicable only when a decrease in valuation is sought. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433.

{¶ 14} In *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O.2d 296, 298, 313 N.E.2d 14, 16, we stated "[t]hat full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." We further stated in *Stanjim* that the data requested by R.C. 5715.19 and 5715.13 may not represent "the sum of

all information that might rightfully be considered by a county board of revision at a hearing on an applicant's assessment complaint." *Id.* at 236, 67 O.O.2d at 298, 313 N.E.2d at 16. The requirements set forth in R.C. 5715.13 are applicable only to the written application required to be filed by a party seeking a decrease in valuation. Fulfillment of the requirements of R.C. 5715.19 and 5715.13 merely empowers a board of revision to hear a case. The requirements stated in R.C. 5715.13 do not define the burden of proof before a board of revision.

{¶ 15} A party seeking an increase or decrease in valuation bears the burden of proof before a board of revision. *Renner v. Tuscarawas Cty. Bd. of Revision* (1991), 59 Ohio St.3d 142, 572 N.E.2d 56. How a party seeking a change in valuation attempts to meet its burden of proof before a board of revision is a matter for that party's judgment. However, if the evidence provided to a board of revision by a party seeking a change in valuation is determined to be unpersuasive and/or inadmissible, then that party will probably fail to meet its burden of proof. Failure to meet the burden of proof will justify a board of revision in fixing the valuation at the amount assessed by the county auditor. But failure of the burden of proof before a board of revision does not justify dismissal.

{¶ 16} We have permitted dismissal of real property valuation complaints only in very limited circumstances. For instance, we have permitted dismissal where the complaint is not completed properly, *Stanjim,* the complaint is filed for the second time in the same triennial, without a statutory justification, *Gammarino,* or there is a failure to prosecute*, LCL Income Properties.* The facts presented by this case do not support dismissal.

{¶ 17} For the foregoing reasons the decision of the BTA is reasonable and lawful and is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____