OPINION
{¶ 1} This is an appeal from the decision of the Ohio Board of Tax Appeals ("BTA") entered February 7, 2003, upholding the dismissal by the Franklin County Board of Revision ("BOR") of a complaint filed by Millstone Development, Ltd. ("Millstone") for tax year 2000. For the reasons that follow, we affirm.
 {¶ 2} Millstone is the owner of property in the city of Whitehall, tax parcel number 090-001077. The property contains two apartment buildings. Millstone filed a complaint against valuation with the BOR for tax year 1999, in early 2000. The Franklin County triennial period at issue includes tax years 1999, 2000 and 2001. The complaint for tax year 1999 was heard by the BOR and a reduction of value was granted. Millstone filed a second complaint against valuation for tax year 2000, in early 2001. Millstone supported the second complaint by asserting a change of occupancy of at least 15 percent. The BOR dismissed the second complaint as violating the three-year rule under R.C.5715.19(A)(2). Millstone filed an appeal with the BTA. The BTA upheld the dismissal. The BTA found that the second complaint did not satisfy the threshold inquiry of R.C. 5715.19(A)(2) and determined the BOR's dismissal for lack of jurisdiction was appropriate. Specifically, the BTA concluded Millstone failed to demonstrate "new" circumstances not considered by the BOR in the first complaint, which was heard in August 2000.[1]
Since the second complaint did not demonstrate new circumstances and since it was filed within the same triennial period as the first complaint, the second complaint violated the three-year rule. Millstone filed the instant appeal.
 {¶ 3} Millstone ("appellant") asserts the following assignment of error:
The [BTA] committed error when it found that the [BOR] properly dismissed appellant's complaint against valuation for tax year 2000.
 {¶ 4} The standard of review utilized by an appellate court on appeals from the BTA is set forth in R.C. 5717.04. That section provides the following:
If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.
Ohio Natl. Bank v. Franklin Cty. Bd. of Revision (Mar. 30, 2001), Franklin App. No. 00AP-1161.
 {¶ 5} R.C. 5715.19(A)(2)(a) through (d) prohibits a person from filing a complaint as to the valuation of property if the person "file[d] a complaint against the valuation * * * for any prior tax year in the same interim period, unless the person * * * alleges that the valuation * * * should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint: (a) [t]he property was sold in an arm's length transaction * * *; (b) [t]he property lost value due to some casualty; (c) [s]ubstantial improvement was added to the property; (d) [a]n increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property." As stated, the interim period at issue in this case included tax years 1999, 2000 and 2001.
 {¶ 6} R.C. 5715.19(A)(2) clearly provides that only one complaint can be filed during each interim period absent a showing of a change in circumstances as described in R.C.5715.19(A)(2)(a) through (d). Gammarino v. Hamilton Cty. Bd. ofRevision (1994), 71 Ohio St.3d 388, 389. Appellant maintains that the evidence presented at the hearing on the first complaint showed a vacancy rate of 40 percent at the end of 1999, and the evidence presented on appellant's second complaint showed a vacancy rate of 60 percent at the end of 2000. Hence, appellant asserts that the occupancy decreased by at least 15 percent and qualifies under R.C. 5715.19(A)(2)(d).
 {¶ 7} The BTA stated the following in its decision:
In reviewing the record of the BOR concerning the 1999 complaint, it is apparent that the issue of increasing vacancies occurring in 2000 and its effect on the subject's income stream was at issue in the prior complaint. * * * Specifically, Mr. Terrance Connor * * * testified that the subject property has been experiencing a decline in occupancy beginning in 1997 through the day of the hearing before the BOR, August 8, 2000. According to Mr. Conner [sic], at the time of filing the 1999 complaint (March 22, 2000), the property was 33% vacant, and increased up until the time of the hearing (August 28, 2000) such that the property was 60% vacant. Counsel for the [BOE] asked Mr. Connor what the subject's vacancy was as of January 1, 1999. Mr. Connor recollected that the subject property was around 40% vacant at the end of 1999. * * *
Similarly, before the BOR in the tax year 2000 complaint, Mr. Conner [sic] again testified that the subject was 60% vacant at the end of 2000. A BOR representative explained to counsel for Millstone that as a result of the prior 1999 complaint, the BOR had already lowered the subject property's value to a fair market value of $970,000 for both tax years 1999 and 2000. * * *
(Emphasis sic.)
 {¶ 8} Based on this testimony, the BTA concluded the decline in occupancy beginning in 1999 up until August 2000 was taken into consideration in the first complaint and the 1999 reduction in value was carried forward into tax year 2000. We agree.
 {¶ 9} As the BTA stated, the issue of decreased occupancy was discussed at the hearing on the first complaint. The vacancy rate at the end of 2000 was 60 percent, which was the same rate Mr. Connor testified to at the hearing on the first complaint in late August 2000. Although the vacancy rate was approximately 33 percent to 40 percent at the end of 1999, it had increased to 60 percent by the time of the hearing on the first complaint. The BTA noted the BOR took this into account and appropriately applied the reduction to both 1999 and 2000. Therefore, we find the BTA's decision was lawful and reasonable and must be affirmed. The BTA properly determined that there were no new circumstances that had not been considered with regard to the first complaint. Accordingly, appellant's assignment of error is overruled.
 {¶ 10} Based on the foregoing, appellant's assignment of error is overruled and the order of the Board of Tax Appeals is affirmed.
Order affirmed.
Bowman and Petree, JJ., concur.
[1] The BTA took administrative notice of the record in the first complaint without objection from the parties. The Board of Education ("BOE") is also a party in these complaints.