BOARD OF EDUCATION OF THE VANDALIA-BUTLER CITY SCHOOL DISTRICT, APPELLEE, *v.* MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLEES; TIMBERLAKE L.P., APPELLANT.

[Cite as *Vandalia–Butler City School Dist. Bd. of Edn. v. Montgomery Cty. Bd. of Revision,* 106 Ohio St.3d 157, 2005-Ohio-4385.]

(No. 2004–0343—Submitted July 26, 2005—Decided September 7, 2005.)

**Per Curiam.**

{¶ 1} The appellant, Timberlake L.P., challenges the value assigned to its real property by the Montgomery County Auditor for tax year 2001. The property—identified in the county auditor's records as parcel number B02–006–01–0063—is known as the Timberlake Apartments. A 144–unit apartment complex constructed in 2000 is on the property, which covers 9.215 acres of land.

{¶ 2} For tax year 2001, the Montgomery County Auditor fixed the true value of the property at $5,994,310. Timberlake asked the Montgomery County Board of Revision to reduce that valuation, arguing that the property was worth only $3,980,000 that year.

{¶ 3} The board of revision determined that the total value of the property was $4,147,200, which prompted the Board of Education of the Vandalia–Butler City School District to file an appeal under R.C. 5717.01 with the Board of Tax Appeals ("BTA"). The board of education urged the BTA to set the value of the property at the amount originally determined by the county auditor. The BTA held a hearing and concluded that the county auditor's original valuation of the property was in fact correct, and the BTA therefore reversed the decision of the board of revision and directed the county auditor to again set the value of the property at $5,994,310.

{¶ 4} Timberlake has now appealed to this court. For the reasons that follow, we affirm the BTA's decision.

{¶ 5} "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase [in] or decrease from the value

determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. And when the BTA is considering testimony and appraisal reports about the value of property, "the BTA possesses wide discretion in evaluating the weight of the evidence and the credibility of the witnesses that come before it." *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 609, 613, 710 N.E.2d 681.

{¶ 6} In this case, the board of education argued before the BTA that the decision of the board of revision was not supported by any probative, competent evidence. Timberlake had presented testimony before the board of revision from a real-property-tax consultant, and the BTA concluded in its opinion that he was not qualified to offer expert testimony about the property's value.

{¶ 7} At the hearing before the BTA itself, a state-certified real estate appraiser testified on behalf of Timberlake. That appraiser—Stephen Ewan—calculated a value for the property under three different methods: (1) the income-capitalization approach, which focuses on a property's capacity to generate income for the owner, (2) the sales-comparison approach, which focuses on the prices of comparable properties that have changed hands recently, and (3) the cost approach, which focuses on the cost of replacing the improvements on the property. Ewan relied on all three valuation methods to reach his final conclusion, and he appraised the property's value at $4,000,000.

{¶ 8} The BTA found Ewan's opinion unconvincing. The comparable properties that Ewan examined in appraising the property were nearly 30 years older than the Timberlake apartment project, and, according to the BTA, Ewan failed to make "any meaningful adjustments to the sales comparables" to account for their age. The BTA also described Ewan's cost-approach analysis as "circular" and characterized his income analysis as "unreliable." Ewan's appraisal was not "probative" of the property's value, according to the BTA, and the BTA found no other evidence supporting the board of revision's decision to reduce the value of the property from the amount originally set by the county auditor. In the absence of that evidence, the BTA reversed the board of revision's decision and directed that the auditor's original valuation be restored.

{¶ 9} Timberlake argues in its appeal here that the BTA should not have ruled in the board of education's favor, given that the board of education was the appellant before the BTA and presented no witnesses or other evidence at the BTA hearing. To be sure, the burden of proof rested on the board of education before the BTA, but "[h]ow a party seeking a change in valuation attempts to meet its burden of proof * * * is a matter for that party's judgment." *Snavely v. Erie Cty. Bd. of Revision* (1997), 78 Ohio St.3d 500, 503, 678 N.E.2d 1373. The board of education could meet its burden of proof before the BTA by showing—

through cross-examination of Timberlake's appraiser and in a posthearing brief—that the board of revision had erred when it reduced the value from the amount first determined by the auditor.

{¶ 10} We have explained that the BTA is entitled to "render its own independent decision as to the valuation of the property in issue." *Cincinnati Milacron Indus., Inc. v. Brown Cty. Bd. of Revision* (1988), 35 Ohio St.3d 32, 33, 517 N.E.2d 896, citing R.C. 5717.03. "[A] determination of the true value of real property by a board of revision * * * is not presumptively valid." *Amsdell v. Cuyahoga Cty. Bd. of Revision* (1994), 69 Ohio St.3d 572, 574, 635 N.E.2d 11.

{¶ 11} Moreover, the BTA was entitled to reject the testimony that Timberlake's appraiser offered, for as we have said, the BTA "is not required to adopt the appraisal methodology espoused by any expert or witness." *Hotel Statler v. Cuyahoga Cty. Bd. of Revision* (1997), 79 Ohio St.3d 299, 303, 681 N.E.2d 425. "We will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of * * * discretion." *Natl. Church Residence v. Licking Cty. Bd. of Revision* (1995), 73 Ohio St.3d 397, 398, 653 N.E.2d 240. The BTA's decision in a valuation case such as this will be undone by this court "only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Throckmorton v. Hamilton Cty. Bd. of Revision* (1996), 75 Ohio St.3d 227, 229, 661 N.E.2d 1095.

{¶ 12} In the absence of probative evidence supporting the reduction in value ordered by the board of revision, and in light of the problems identified by the BTA with the even lower value proposed by the Timberlake appraiser, the BTA's conclusion that the county auditor's original valuation should be reinstated was not unreasonable. "In the absence of probative evidence of a lower value," a county board of revision and the BTA "are justified in fixing the value at the amount assessed by the county auditor." *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 82 Ohio St.3d 193, 195, 694 N.E.2d 1324. The BTA's decision to reject the board of revision's valuation and reinstate the auditor's original finding is supported by the evidence, and the BTA did not abuse its discretion in reaching that conclusion. The decision of the BTA is therefore affirmed.

Decision affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment only.

———

Rich, Crites & Wesp, L.L.C., and Mark H. Gillis, for appellee Board of Education of the Vandalia–Butler City School District.

Wayne E. Petkovic, for appellant.