GINTER ET AL., APPELLEES, *v.* AUGLAIZE COUNTY
BOARD OF REVISION ET AL., APPELLANTS.

[Cite as *Ginter v. Auglaize Cty. Bd. of Revision,*
143 Ohio St.3d 340, 2015-Ohio-2571.]

(No. 2013–1710—Submitted January 13, 2015—Decided July 2, 2015.)

**Per Curiam.**

{¶ 1} This case concerns the discretionary authority of boards of revision to dismiss a valuation complaint for failure to prosecute based on the complainant's failure to attend the scheduled hearing of the board. We conclude that boards of revision do not have that authority, and we hold that a board of revision must make a determination of value whenever a complaint properly invokes its jurisdiction. Accordingly, we vacate the Board of Tax Appeals' ("BTA's") decision and remand the cause to the Auglaize County Board of Revision for further proceedings.

## Factual and Procedural Background

{¶ 2} Appellees Charles and Christina Ginter filed a complaint with the Auglaize County Board of Revision ("BOR") challenging the auditor's valuation of their property for 2012 at $113,511. The Ginters proposed a value of $99,900. The complaint alleged that "[c]omparable home sales and comparable market data of existing and recently sold homes reflect [the] requested change in value." In correspondence to the BOR dated April 15, 2013, the Ginters' attorney indicated that an arm's-length sale provided the basis for a reduced valuation. He submitted various documents supporting this argument, including a printout from the county auditor's website showing a transfer of the property on October 8, 2010, with a sale price of $99,900; a printout of the property-record card for the parcel, which notes the 2010 $99,900 sale price; a United States Department of Housing and Urban Development settlement statement relating to the sale that lists $99,900 as the "contract sale price"; a printout from the website Zillow referring to the 2010 sale; and a copy of a BTA decision that granted a decrease in value to an owner based on evidence of an arm's-length sale.

{¶ 3} The BOR notified the Ginters that a hearing would be held on May 30, 2013. Neither the Ginters nor anyone on their behalf appeared at the hearing. The absence of the complainants led to the dismissal of the complaint, which was embodied in an order and letter dated June 3, 2013.

{¶ 4} The Ginters appealed. At the BTA, the BOR and the auditor moved for an order affirming the dismissal of the complaint.

{¶ 5} The BTA stated in its decision that "a board of revision has the discretion to dismiss a complaint when a complainant fails to appear at a duly scheduled

hearing," but that such discretionary authority "is not without limits." BTA No. 2013–Y–1782, 2013 WL 6833846, *1. The BTA held that the BOR had exceeded those limits because the evidence presented raised the presumption that the sale furnished the criterion of value. The BTA concluded that the BOR had improperly dismissed the complaint. The BTA therefore reversed and directed the BOR "to value the subject property in accordance with the sale amount." *Id.* at *2. Appellants, the BOR and the county auditor, appealed to this court.

## LEGAL ANALYSIS

### *Boards of revision have the statutory duty to determine property value but lack authority to dismiss for failure to prosecute*

{¶ 6} We have long recognized that boards of revision are creatures of statute imbued only with the powers granted by their enabling laws. *Steward v. Evatt,* 143 Ohio St. 547, 56 N.E.2d 159 (1944), paragraph one of the syllabus; *Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision,* 140 Ohio St.3d 522, 2014-Ohio-4353, 20 N.E.3d 711, ¶ 23. The statutes do not specifically confer a power to dismiss for failure to prosecute. Logic dictates, therefore, that boards of revision lack authority to dismiss for failure to prosecute.

{¶ 7} Twenty years ago, we departed from these basic legal precepts. In *LCL Income Properties v. Rhodes,* 71 Ohio St.3d 652, 646 N.E.2d 1108 (1995), the property owner filed a complaint and failed to appear at the hearing, and the board of revision dismissed the complaint for failure to prosecute. The BTA held that "the [board of revision] cannot avoid its statutory duty to render a decision on the value of the subject property by dismissing the action," and "[i]f the available evidence supports the auditor's valuation, then the proper course would be to find value at the level determined by the auditor." BTA No. 92–J–1225, 1994 WL 93138, *1–2 (Mar. 18, 1994). On appeal, we reversed, stating that "[t]he BTA's decision requiring the board of revision to revalue every property complained of, even if the complainant does not appear at a hearing to contest the valuation, and even if the complainant presents no evidence, is unreasonable." 71 Ohio St.3d at 653. Such a requirement "ignores the primary obligation of a property owner who challenges a real property valuation: to sustain the burden of proving that the property has been overvalued." *Id.*

{¶ 8} Today we acknowledge that *LCL Properties* was wrongly decided and that the BTA was right. In doing so, we are setting aside the extrastatutory dismissal power and enforcing the statutory duty of boards of revision to hear and decide complaints by determining value.

{¶ 9} In *LCL Properties,* we relied on *Swetland Co. v. Evatt,* 139 Ohio St. 6, 37 N.E.2d 601 (1941). That reliance was misplaced because *Swetland* was inapposite to *LCL Properties.* In *Swetland,* the property owners had contested the

valuations by the county but made payment based on the assessed value without properly protesting the payment of the portion sought to be recovered. *Id.* at 21–22. Under the law, the property owners thereby forfeited their right to relief from the overvaluation of their properties. *Id.* at 22 ("We conclude that the Board of Tax Appeals was right in holding that the payment of the 1937 taxes in full was voluntary and that the question before the county board of revision was moot"). *See also id.* at paragraphs three and four of the syllabus. The board of revision, after giving the property owners multiple opportunities to submit evidence, issued a dispositive order retaining the auditor's valuation on the grounds that the property owners had not presented evidence of different values. *See id.* at 15, 22–23.

{¶ 10} On appeal, this court approved the action of the board of revision and the action of the BTA. As to the board of revision's disposition, we stated:

> Even after one dismissal of the complaints by the county board of revision, [the property owners] failed to appear or offer evidence before such board. Under such circumstances, the county board of revision was justified in determining and fixing the taxable valuation of the property both as to the land and improvements at the same figure indicated in the assessment made by the county auditor.

*Id.* at 22–23. We affirmed the BTA, which had dismissed the appeals on the grounds of mootness.

{¶ 11} It is apparent that *Swetland* does not provide support for our holding in *LCL Properties* for the simple reason that *Swetland* did not involve a dismissal by the board of revision for failure to prosecute. Instead, *Swetland* involved the board of revision's decision to retain the auditor's valuation because of the lack of evidence presented by the property owners.

{¶ 12} We stated in *LCL Properties* that "the practical result of the dismissal" by the board of revision is that "it fixes 'the valuation complained of in the amount assessed by the county auditor.'" 71 Ohio St.3d at 653, quoting *Swetland,* 139 Ohio St. 6, 37 N.E.2d 601, paragraph nine of the syllabus. The result of permitting dismissal by the board of revision was a new layer of litigation concerning the propriety of the board of revision's dismissal, which distracts from the proper focus: the valuation of the property. *See Snavely v. Erie Cty. Bd. of Revision,* 78 Ohio St.3d 500, 678 N.E.2d 1373 (1997); *Kalmbach Wagner Swine Research Farm v. Wyandot Cty. Bd. of Revision,* 81 Ohio St.3d 319, 691 N.E.2d 270 (1998); *Leach v. Hamilton Cty. Bd. of Revision,* 94 Ohio St.3d 170, 761 N.E.2d 36 (2002).

{¶ 13} *LCL Properties* also states that there are "many situations in which dismissal is the proper solution." *Id.* at 653. We pointed to two such instances: failing to timely file a notice of appeal and filing a second complaint during the three-year interim period in violation of the triennial rule of R.C. 5715.19(A)(2). *Id.* But those situations are inapposite because they involve jurisdictional defects, and boards of revision have the same inherent authority that all tribunals must have to determine whether they can properly take jurisdiction of the matter presented to them. *See Kohl's Illinois, Inc.*, 140 Ohio St.3d 522, 2014-Ohio-4353, 20 N.E.3d 711, ¶ 26 (acknowledging that a board of revision is "justified in dismissing a complaint when a violation of statutory requirements deprives the board of jurisdiction"), citing *Kalmbach Wagner Swine Research Farm.* In *LCL Properties,* as in the present appeal, the issue is whether a complaint can be dismissed for failure to prosecute under circumstances in which the board of revision clearly possesses jurisdiction to determine the property's value. We erred in *LCL Properties* by relying on cases involving jurisdictional defects to justify a nonjurisdictional dismissal.

{¶ 14} In the instant case, the BOR clearly had jurisdiction and the Ginters submitted some evidence beyond the complaint. Despite this, the BOR concluded that the Ginters' failure to appear at the hearing justified dismissal for failure to prosecute. The unfairness of that result has led us to review *LCL Properties,* which, as noted, was wrongly reasoned and decided and began a practice of sanctioning dismissals of cases by boards of revision for reasons other than jurisdictional defects. We remedy our error today by overruling *LCL Properties.* In doing so, we return to the statutorily prescribed path of requiring a determination of value whenever a complaint properly invokes a board of revision's jurisdiction.

{¶ 15} This change is procedural in character. Taxpayers will benefit because they will be assured of obtaining a determination of value, even if that determination retains the auditor's valuation. The result is that the issue of value will be front and center, as it should be, both before the board of revision and at the BTA.

{¶ 16} The foregoing discussion establishes that the BTA's decision is correct in determining that dismissal was improper, though for a different reason than that articulated by the BTA.

*The cause must be remanded to the BOR so that it may evaluate the evidence*

{¶ 17} The BTA regarded the sale-price evidence as raising an unrebutted presumption in favor of using the sale price to value the property. Appellants argue that the burden on the owner to make a prima facie case for relying on the sale price has not been met and that the evidence is not sufficient to raise the presumption, either at the BOR or at the BTA. Appellants assert that if the

BOR's dismissal was improper, the BTA should have remanded the cause to the BOR for valuation. We agree.

{¶ 18} Because it dismissed the complaint, the BOR expressed no opinion concerning the sale price. Given that the October 2010 sale for $99,900 is noted on the property-record card as an "unvalidated" sale, the auditor is presumed to have considered and rejected the sale as an indication of value. *See Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision,* 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 23–26. But the BOR has yet to determine the value of the property. As a result, it is premature for either the BTA or this court to address the issue of value. We agree with appellants that the cause must be remanded to the BOR for a determination of value.

{¶ 19} When the BOR deliberates on the property value in this case, further documentation might become part of the record, and that in turn might affect the review by the BTA. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision,* 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 47–48 (the BTA is obliged to consider the specific findings by the board of revision), citing *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 34.

{¶ 20} Because the BOR has not yet determined a value and because such a determination by the BOR might affect the manner in which the BTA decides the case on appeal, we decline to review the BTA's determination of value.

CONCLUSION

{¶ 21} For the foregoing reasons, we vacate the BTA's decision and remand the cause to the BOR for a determination of value. Because we have reached our decision based on the fourth proposition of law and remanded based on the fifth proposition of law, it is unnecessary for us to consider the first, second, and third propositions of law.

Decision vacated
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

Rich & Gillis Law Group, L.L.C., Kelley A. Gorry, and James A. Gorry, for appellants.